**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TEXAS PELLETS, INC.,[1] ) | Case No. 16-90126 |
| ) | |
| Debtor. ) | (Request for Joint Administration Pending) |
| ) | |

**DEBTOR'S _EMERGENCY_ MOTION FOR ENTRY OF AN ORDER
AUTHORIZING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

TEXAS PELLETS, INC. ("TPI" or the "Debtor"), as debtor and debtor in possession in the above-captioned case, hereby files its _Emergency Motion for Entry of an Order Authorizing Joint Administration of Related Chapter 11 Cases_ (the "Motion"). In support hereof, TPI respectfully states as follows:

**I.
JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). TPI confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this case and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule of

---

[1] The last four digits of the Federal Tax Identification Number of **Texas Pellets, Inc**. are 3478. The Debtor's principal place of business and service address is 164 County Road 1040, Woodville, Texas 75979.

1843403v.2

Bankruptcy Procedure 1015(c) (the "Local Rules").

## II.
## BACKGROUND

4. On April 30, 2016 (the "Petition Date"), TPI and GERMAN PELLETS TEXAS, LLC ("GPTX") (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas (Lukin Division) (the "Court") commencing the following Chapter 11 cases: (i) *In re Texas Pellets, Inc.*, Case No. 16-90126, and (ii) *In re German Pellets Texas, LLC,* Case No. 16-90127 (collectively the "Bankruptcy Cases").

5. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the Bankruptcy Cases, is set forth in detail in the *Declaration of Bryan Davis* (the "Davis Declaration"), filed concurrently herewith and fully incorporated by reference.[2]

6. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

## III.
## RELIEF REQUESTED

8. By this Motion, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015, the Debtors request entry of an order (the "Order") substantially in the form attached to this Motion directing joint administration of the Bankruptcy Cases for procedural purposes only.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Davis Declaration.

# IV.
# BASIS FOR RELIEF REQUESTED

9. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." FED. R. BANKR. P. 1015(b).[3]

10. Here, both Debtors have cases pending before the Court. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code because GPTX operates the wood-pellets manufacturing facility on TPI's behalf, and their operations are closely related. As detailed in the Davis Declaration and below, joint administration of the Debtors' Bankruptcy Cases is warranted and will ease the administrative burden for the Court and the parties involved with these Bankruptcy Cases. Accordingly, the Court is authorized to grant the relief requested herein.

11. Section 105(a) of the Bankruptcy Code also provides the Court with the power to grant the relief requested herein by the Debtors. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Jointly administering these related Bankruptcy Cases will prevent duplication of effort and unnecessary fees, and will not prejudice any party. Relief similar to that sought herein has been granted in comparable chapter 11 cases. *See, e.g., In re S&A Restaurant Corp.*, Case No. 08-41898 (Bankr. E.D. Tex. Aug. 1, 2008) [Docket No. 26]; *In re Harvest Oil & Gas, LLC,* Case No. 15-50748 (Bankr. W.D. La. June 19, 2015) [Docket No. 4]; *In re Piccadilly, LLC, et al.,* Case No. 12-51127 (Bankr. W.D. La. Sept. 14, 2012) [Docket No. 43]. The Debtors believe

---

[3] Section 101(2)(D) of the Bankruptcy Code defines "affiliate," in pertinent part, as an "entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement." 11 U.S.C. § 101(2)(B).

1843403v.2

that it is in the best interests of the Debtors, their estates, and all creditors that their cases be jointly administered for procedural purposes.

13. The Debtors anticipate that numerous notices, applications, motions, hearings, and orders in these cases will affect both Debtors. With two debtors before the Court, each with its own case docket, the failure to administer these Bankruptcy Cases jointly would result in the filing of duplicative pleadings for each issue that arises in these cases, and the service of these duplicative pleadings on numerous overlapping service lists. Joint administration of these Bankruptcy Cases will eliminate these cumbersome filings and reduce the waste and burden on judicial resources associated with the administration of these cases. Specifically, services rendered by professionals for each debtor will be difficult to separate, justifying consolidated applications for compensation with specific apportionment among the Debtors to occur as set forth in the undersigned counsel's forthcoming application for retention. The Debtors expect that such apportionment will, in general, be approximately equal, with half of all fees and expenses apportioned to TPI's Bankruptcy Case and the remaining half of such fees and expenses apportioned to GPTX's Bankruptcy Case. Joint administration will also reduce the burden on the United States Trustee in supervising these Bankruptcy Cases.

14. The relief requested will not adversely affect creditors' rights, as this Motion requests only administrative, and not substantive, consolidation of the Debtors' cases. For instance, creditors must still file proofs of claim against the particular Debtor's estate against whom they have claims, rather than on a consolidated basis. The reduced costs resulting from joint administration of the Debtors' estates will enhance the rights of all creditors.

15. The Debtors request that the official caption to be used by all parties in all pleadings and other filings in the jointly administered Bankruptcy Cases be as follows:

4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TEXAS PELLETS, INC., et al.,[4] | ) | Case No. 16-90126 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

16. The Debtors submit that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

17. The Debtors request that all pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of **Texas Pellets, Inc.**

18. The Debtors further request that this Court enter a notation similar to the following on the docket of each of the Debtors' cases to reflect the joint administration of these Bankruptcy Cases:

> An Order has been entered in this case directing the joint administration of the chapter 11 cases of Texas Pellets, Inc. and German Pellets Texas, LLC.
>
> The docket in Case No. 16-90126 should be consulted for all matters affecting this case.

19. The Debtors have attached as Exhibit "A" to this Motion a proposed consolidated master mailing matrix for future noticing requirements as required by Local Rule 1015(c)(4). No existing deadlines or scheduling order will require modification as a result of joint administration.

20. Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis. Consolidated monthly

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Texas Pellets, Inc. (3478) and German Pellets Texas, LLC (9084) (collectively, the "Debtors"). The location of the Debtors' principal place of business and service address is: 164 County Road 1040, Woodville, Texas 75979.

1843403v.2

operating reports will further administrative economy and efficiency and will not prejudice any party in interest.

21. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties in interest and should therefore be granted.

## V.
## NOTICE

22. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rules 2002 and 3017; (iii) counsel for and the members of any official committees appointed by this Court; (iv) Daniel S. Bleck, Esq., of Mintz Levin, counsel to UMB Bank, National Association, as Bond Trustee; (v) the twenty (20) largest unsecured creditors for each Debtor; and (vi) governmental agencies having a regulatory or statutory interest in these Bankruptcy Cases. In light of the nature of the relief requested, and the exigent circumstances of these Bankruptcy Cases, the Debtors submit that no further notice is necessary.

## VI.
## NO PRIOR REQUEST

23. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an Order, in substantially the same form attached to this Motion granting the relief requested herein; and (ii) provide such other relief as the Court deems appropriate and just.

Dated: May 2, 2016.             Respectfully submitted,

   */s/ W. Steven Bryant*
W. Steven Bryant
Texas Bar. No. 24027413
Federal I.D. No. 32913
Locke Lord LLP
2800 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 226-1489
Fax: (713) 229-2536
sbryant@lockelord.com

-and-

C. Davin Boldissar (La. #29094)
*(pro hac vice motion to be filed*
Bradley C. Knapp (Tex. #24060101)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5100
Fax: (504) 681-5211
dboldissar@lockelord.com
bknapp@lockelord.com

**PROPOSED COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

1843403v.2

## **CERTIFICATE OF SERVICE**

      I hereby caused a true and correct copy of the foregoing Motion to be served upon the parties listed on the attached Combined Master Service List via U.S. Mail on May 2, 2016 and/or via ECF notification on May 2, 2016.

                                                            */s/ W. Steven Bryant*
                                                            W. Steven Bryant

1843403v.2