

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# (LUFKIN DIVISION)

In re:                                    )
                                          )   **JOINTLY ADMINISTERED**
TEXAS PELLETS, INC.[1]                    )   under Case No. 16-90126
                                          )
              Debtors.                    )   Chapter 11
                                          )

### ORDER GRANTING DEBTORS' MOTION TO ASSUME GROUND LEASE AND EASEMENT AGREEMENT BETWEEN THE DEBTORS AND THE PORT OF PORT ARTHUR NAVIGATION DISTRICT OF JEFFERSON COUNTY, TEXAS UNDER BANKRUPTCY CODE § 365 AND FED. R. BANKR. P. 6006
### [Relates to D.I. 426]

On September 19, 2018, the Court heard the *Motion to Assume Ground Lease and Easement Agreement Between the Debtors and the Port of Port Arthur Navigation District of Jefferson County, Texas Under Bankruptcy Code § 365 and Fed. R. Bankr. P. 6006* [D.I. 426] (the "Motion") filed by Texas Pellets, Inc. ("TPI") and German Pellets Texas, LLC ("GPTX", and together with TPI, the "Debtors") on April 27, 2017 and the *Objection* [D.I. 447] (the "Objection") to the Motion filed on May 17, 2017 by the Port of Port Arthur Navigation District of Jefferson County, Texas (the "Port"), and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and 1334; and the Court having considered the Motion and the Objection and the arguments offered by the parties; and an agreement having been reached between the Debtors and the Port regarding certain relief requested in the Motion,[2] which

---

[1] The jointly-administered Chapter 11 Debtors, along with the last four digits of each such Debtor's federal tax identification number, are Texas Pellets, Inc. (3478) and German Pellets Texas, LLC (9084). The corporate headquarters and service address for the jointly-administered is: 164 CR 1040, Woodville, TX 75979.

[2] All capitalized terms not otherwise defined in this Order have the meanings ascribed to them in the Motion.

agreement is reflected in this Order[3]; and the Court having determined that the relief requested in the Motion is well-taken; and after due and proper notice to all parties in interest is of the opinion that the Motion should be GRANTED as set forth herein.

THE COURT FINDS THAT:

A.     The Court is informed that the Debtors and the Port have entered into that certain Memorandum of Agreement effective July 18, 2018, incorporating the Framework attached thereto (collectively, the "July 18, 2018 Agreement"), which relates to certain undertakings under the Lease.

B.     The Debtors' decision to assume the Lease (including the Original Lease and all Amendments), the Easement Agreement, as amended, and the July 18, 2018 Agreement (together, the "Assumed Agreements"), under § 365 of Title 11 of the United States Code (the "Bankruptcy Code") constitutes a valid exercise of the Debtors' business judgment. The Debtors have shown that the requirements for assuming the Assumed Agreements imposed by Bankruptcy Code § 365 have been satisfied.

C.     The sole amount necessary under Bankruptcy Code §§ 365(b)(1)(A) and (B) to cure all monetary defaults and pay all actual pecuniary losses under the Lease is $99,505.49 (the "Lease Cure Amount"). The sole amount necessary under Bankruptcy Code §§ 365(b)(1)(A) and (B) to cure all monetary defaults and pay all actual pecuniary losses under the Easement Agreement, as amended, is $0.00 (the "Easement Cure Amount" and together with the Lease Cure Amount, the "Cure Amounts").

D.     The Debtors have demonstrated adequate assurance of future performance with

---

[3] As discussed below, certain relief was granted by agreement between the Debtors and the Port, with the exception that the Port does not consent to entry of Paragraphs 11-15 below, which are entered by the Court over the objection of the Port.

respect to the Assumed Agreements pursuant to Bankruptcy Code § 365(b)(1)(C).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is **GRANTED** to the extent set forth in this Order. The Debtors' assumption of the Assumed Agreements is hereby approved, and all the requirements of Bankruptcy Code § 365(b)(1) with respect to the Assumed Agreements are hereby deemed satisfied in full.

2. In addition to the Lease and Easement Agreements, the July 18, 2018 Agreement is assumed and the terms and conditions thereof are binding on both parties.

3. The Debtors shall pay the Cure Amounts to the Port in immediately available funds by no later than October 5, 2018. The Cure Amounts are hereby fixed at the amount of $99,505.49 for the purpose of establishing the Debtors' obligations under the Assumed Agreements. The Debtors have further provided adequate assurance of future performance of the Assumed Agreements within the meaning of Bankruptcy Code § 365(b).

4. Without further order of the Court, the Debtors and the Port are hereby authorized and empowered to take such steps, execute such documents, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements established in, and the relief granted in, this Order.

5. This Order shall bind the Debtors, the Debtors' estates, the Port, all the Debtors' creditors and equity-interest holders, all other parties-in-interest, and all these parties' respective successors and assigns, including without limitation any trustee, examiner, or other fiduciary appointed for the Debtors and their estates in these Bankruptcy Cases under any section of the Bankruptcy Code or following a conversion of these Bankruptcy Cases to cases under Chapter 7 of the Bankruptcy Code.

6. Nothing included in or omitted from this Order, nor as a result of any payment made

pursuant to this Order, shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates, subject to appropriate notice and a hearing and this Court's approval unless otherwise agreed to by the parties, to assign any of the Assumed Agreements pursuant to, and in accordance with, the requirements of section 365 of the Bankruptcy Code.

7. To the extent that anything contained in this Order conflicts with the Motion, then this Order shall govern and control.

8. Notwithstanding the possible applicability of Bankruptcy Rule 6006(d), this Order shall take effect immediately upon its entry, and any stay of the effectiveness of this Order under Bankruptcy Rule 6006(d) is hereby waived.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

10. This Order does not waive the Port's right to object to any future assignment of the Assumed Agreements in response to any motion by Debtors of their intent to do so.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT**:

11. The limited objection maintained by the Port is overruled and the following additional provisions contained in Paragraphs 12-15 below (not agreed to by the Port) are entered over the Port's objection.

12. Notwithstanding the provisions of Paragraphs 1 through 3, to the extent that the Port (or any assignee, subrogee, or other entity through or on behalf of the Port) claims that, as of the entry date of this Order, (i) further monetary defaults exist under the Assumed Agreements in addition to the Debtors' failure to pay the Cure Amounts and/or (ii) the Debtors owe to the Port additional monetary liabilities or other obligations accruing or arising before the date of this Order, in addition to the Cure Amounts (together, an "Additional Cure"), then the Port may file in the Bankruptcy Cases a notice of Additional Cure sought by the Port (the "Additional Cure Notice")

that describes the Additional Cure asserted by the Port. The Additional Cure Notice should describe the legal and factual basis for the Additional Cure. The Additional Cure Notice shall be served on the Debtors as well as all parties on the Limited Service List in these Bankruptcy Cases.

13. Any Additional Cure Notice must be filed **by no later than Friday, December 14, 2018** (the "Additional Cure Notice Deadline").

14. Filing the Additional Cure Notice shall be the exclusive means by which the Port may assert, claim, and/or enforce against the Debtors any additional claimed defaults, liabilities, or obligations under the Assumed Agreements other than the Cure Amounts. If the Port does not file an Additional Cure Notice by the Additional Cure Notice Deadline, then, on the next calendar day after the Additional Cure Notice Deadline, (i) all defaults, liabilities, and other obligations of the Debtors to the Port arising under (or having accrued under) the Assumed Agreements before the entry date of this Order, whether monetary or non-monetary, as well as (ii) all defaults, liabilities, and other obligations claimed or asserted by the Port (or by any assignee, subrogee, or other entity through or on behalf of the Port) against the Debtors in connection with the Assumed Agreements, whether monetary or non-monetary, shall be deemed cured in full and extinguished in their entirety. The Cure Amounts shall thereafter constitute the sole amounts necessary to cure any and all defaults, liabilities, and obligations under the Assumed Agreements pursuant to Bankruptcy Code §§ 365(b) and 365(f).

15. If the Port files an Additional Cure Notice on or before the Additional Cure Notice Deadline, then a contested matter shall arise in these Bankruptcy Cases pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") over the Additional Cure

Notice.[4] The Court shall thereafter schedule the Additional Cure Notice for a hearing ("<u>Cure Hearing</u>"). At the Cure Hearing, the Court will adjudicate the Additional Cure Notice and shall determine the additional cure, if any, required for the Debtors to assume the Assumed Agreements under Bankruptcy Code §§ 365(b) and/or 365(f).

Signed on 09/26/2018

_____
THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[4] In the event that an Additional Cure Notice is filed, it is deemed disputed and contested by the Debtors. The Debtors assert that no additional cure or amounts are owed, above and beyond the Cure Amounts, and dispute and contest any Additional Cure Notice.