# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# (LUFKIN DIVISION)

| | |
|---|---|
| In re: ) | |
| ) | **JOINTLY ADMINISTERED** |
| TEXAS PELLETS, INC.[1] ) | under Case No. 16-90126 |
| ) | |
| Debtors. ) | Chapter 11 |
| ) | |

## MOTION FOR ENTRY OF AN ORDER SCHEDULING COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN

**21-DAY NEGATIVE NOTICE – LBR 9007(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

Texas Pellets, Inc. ("TPI") and German Pellets Texas, LLC ("GPTX"), the debtors and debtors-in-possession in the above-captioned cases (together, the "Debtors"), hereby file, pursuant to sections 105(a), 363, and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The jointly-administered Chapter 11 Debtors, along with the last four digits of each such Debtor's federal tax identification number, are Texas Pellets, Inc. (3478) and German Pellets

1

"Bankruptcy Rules" or "FRBP"), this *Motion for Order Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan* (the "Plan Scheduling Motion"). In support of this Plan Scheduling Motion, the Debtors state as follows:

## I. INTRODUCTION

### A. Overall Framework

1. This Plan Scheduling Motion, together with other papers filed concurrently on this same date, propose a (i) bidding and auction process; (ii) sale of substantially all assets of the Debtors; and (iii) liquidating Chapter 11 plan for distribution of the sale proceeds and other assets of the Debtors, to maximize the value of these estates and bring the main portion of these cases to a conclusion. The process and proposed timeline is summarized in the chart below:

| Event[2] | Date |
|---|---|
| Service of approved Bidding Procedures, Auction and Sale Notice<br>and<br>Solicitation of Plan / Service of Disclosure Statement | February 22, 2019 |
| Bid Deadline | March 14, 2019 |
| Auction | March 21, 2019 |
| Deadline for:<br>• Objection to Sale<br>• Objection to adequacy of Disclosure Statement<br>• Plan ballot submission<br>• Objection to Plan confirmation | March 25, 2019 |
| Hearing on (i) Plan confirmation and (ii) Sale approval | [To be scheduled by the Court] |

---

Texas, LLC (9084). The corporate headquarters and service address for the jointly-administered is: 164 CR 1040, Woodville, TX 75979.

[2] Capitalized terms in this Chart have the meaning as set forth below.

2.  This Plan Scheduling Motion and the other concurrently filed papers are summarized as follows:

- Sale Motion: The separate Sale Motion seeks approval of (i) bidding and auction procedures which amend and supersede the similar procedures entered in these cases in 2017; and (ii) the sale of substantially all of the Debtors' assets (the "Sale") through this process under Section 363 of the Bankruptcy Code.

- Plan and Disclosure Statement[3]: The Debtors propose a liquidating plan in which the proceeds of the Sale will be distributed to creditors according to their relative priority and rank, subject to certain agreements reached among the Debtors, the Debtors' senior secured creditors and the Committee (as defined below).

- Plan Scheduling Motion: In this Plan Scheduling Motion, the Debtors request that the Court schedule a combined hearing on adequacy of the Disclosure Statement and confirmation of the Plan, to be held concurrently with the final hearing on Sale approval.

### B.  Plan Scheduling Motion

3.  In this Plan Scheduling Motion, the Debtors respectfully request entry of an order, in the form attached (the "Plan Scheduling Order"), in connection with the Plan and Disclosure Statement filed on January 30, 2019:

- scheduling a combined hearing (the "Combined Hearing") to (a) approve the adequacy of the Disclosure Statement and (b) consider confirmation of the Plan;

- setting **March 25, 2019** as the deadline for (a) objections to the adequacy of the Disclosure Statement; (b) Plan balloting; and (c) objections to Plan confirmation;

- confirming deadlines for the Debtors to file the "Plan Supplement" (defined below) and proposed form of confirmation order for confirmation of the Plan in advance of the Combined Hearing; and

- authorizing the Debtors to utilize additional publication notice for the confirmation hearing on the Plan and Disclosure Statement.

---

[3] This refers to the First Amended Joint Plan (as may be amended, the "Plan") and First Amended Disclosure Statement (as may be amended, the "Disclosure Statement") filed concurrently with this Plan Scheduling Motion on January 30, 2019.

## II.     JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicate for the relief requested herein is Bankruptcy Code §§ 105(a), 1125, 1126, and 1128 and FRBP 2002, 3016, 3017, 3018, 3020, 6004, and 9006.

## III.     BACKGROUND FACTS

### A.     Introduction

7. On April 30, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Texas (Lufkin Division) (the "Court") commencing the above-captioned chapter 11 cases (the "Bankruptcy Cases").

8. The Debtors have continued in possession of their properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. No trustee or examiner has been appointed in these chapter 11 cases. An Official Committee of Unsecured Creditors (the "Committee") was appointed on May 17, 2016.

### B.     Plan and Disclosure Statement

10. As discussed above, the Plan and Disclosure Statement filed concurrently with

this Plan Scheduling Motion is designed to "dovetail" with the proposed bidding, sale, and auction process (under the separate Sale Motion), in order to maximize estate and creditor recoveries. The Plan is a liquidating plan in which the proceeds of the Sale will be distributed to creditors, and a liquidating trust is created to prosecute certain estate causes of action and administer any remaining assets for the benefit of creditors.

11.     The Debtors' marketing and strategic process was interrupted by the 2017 ship loader fire, silo burn and silo collapse (the "2017 Casualty Events"), and the need to rebuild and repair (the "Rebuild") the Debtors' Port Arthur, Texas storage and port facility ("Storage Facility"). The Rebuild is now substantially complete, subject only to certain testing and verification activities and final confirmation from the Port Arthur Fire Marshal.[4]

12.     The purpose of this Plan Scheduling Motion is to set an expeditious schedule for Plan confirmation that is consistent with the proposed marketing and sale process, and will allow for Plan confirmation concurrently with the approval of a Sale.

## IV.     RELIEF REQUESTED

### A.     Scheduling a Combined Hearing

13.     The Debtors seek a Combined Hearing to consider approval of the Disclosure Statement and the Plan (which would also be the same setting for the Sale approval hearing).

14.     This request is consistent with local practice in other Texas bankruptcy courts, applicable statutes, and rules, and will facilitate an expeditious conclusion to main portion of this long pending Chapter 11 case.

15.     Bankruptcy Rules 2002(b) and 3017(a) require twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections to approval of a disclosure

statement or confirmation of a plan of reorganization, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1). Bankruptcy Rules 3017(a) and 3021(b), respectively, authorize the Court to fix a time for filing objections to the adequacy of a disclosure statement and to confirmation of a plan of reorganization. The Debtors seek by this motion to have the Court set **March 25, 2019** as the deadline to object to both adequacy of the Disclosure Statement and to confirmation of the Plan.

16. Section 1128(a) of the Bankruptcy Code provides, "[a]fter notice, the court shall hold a hearing on confirmation of a plan." In addition, Bankruptcy Rule 3017(c) provides, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that the Court may combine the hearing on approval of a disclosure statement with the hearing on confirmation of the related plan. *See* 11 U.S.C. § 105(d)(2)(B)(vi). *See, e.g., The Engy Group, LLC*, Case No. 17-34848 at Docket #192 (S.D.Tex., June 27, 2018) (Judge Isgur granting request for combined hearing on disclosure statement and plan); *ERG Intermediate Holdings, LLC,* Case No. 15-31858 at Docket #534 (S.D.Tex., Sept. 21, 2015) (Judge Hale granting request for combined hearing on disclosure statement and plan).

17. The Debtors submit that the circumstances of this case support granting a combined hearing on the Disclosure Statement and Plan. Doing so will allow the Debtors to finally bring a conclusion to these cases and to distribute the funds of the estates in an expedited manner. If the request is approved, there will be a single hearing to confirm the Sale, confirm the Plan, and confirm the adequacy of the Disclosure Schedule, all with appropriate notice to

---

[4] Pursuant to the Court's request, the Debtors will file a statement with the Court when these

creditors and stakeholder and under non-expedited procedures.

18.    The Debtors further request that, to the extent consistent with the Court's schedule, that the combined hearing on Plan confirmation, adequacy of the Disclosure Statement (and approval of the Sale), be held **during the week of March 25, 2019** on a date and time available to the Court.

### B.    Approval of Disclosure Statement

19.    At the Combined Hearing, the Debtor will seek approval of the Disclosure Statement. Under Section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding a debtor's proposed plan of reorganization, which is defined as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

20.    Whether a disclosure statement contains adequate information is intended by Congress to be a flexible, fact-specific inquiry left within the discretion of the bankruptcy court:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection. There will be a balancing of interests in each case. In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

---

activities are complete.

H.R. Rep. 95-595, at 409 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6365. S*ee also Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) (opining that what constitutes adequate information is "subjective," "made on a case-by-case basis," and "largely in the discretion of the bankruptcy court").

21. Based on the foregoing and the content of the Disclosure Statement, the Debtors believe that the Disclosure Statement meets the requirements for "adequate information" under Section 1125(a) of the Bankruptcy Code, especially given the circumstances of these cases. Specifically the Plan is a "liquidating plan" providing for the distribution of the proceeds of the proposed sale and other assets of the estates to creditors, pursuant to the provisions under the Bankruptcy Code, with certain modifications for the benefit of administrative and general unsecured creditors. Given the significant length of these cases and the structure of the Plan (i.e., a distribution of proceeds as opposed to a restructuring of the Debtors' obligations), the Debtors believe that such a Combined Hearing is warranted in these unique circumstances.

    **C.**    **Plan Supplement / Form of Confirmation Order**

22. As is typical for Chapter 11 plans similar to the Plan in this case, the Plan contemplates that certain matters will be set forth in a Plan Supplement. The Plan Supplement will include (a) the form of the liquidating trust agreement; (b) the identification of the liquidating trustee and the members of the liquidating trust committee; (c) the listing of contracts and unexpired leases as may be assumed; and (d) the listing of rejected contracts and unexpired leases. The proposed deadline to file the Plan Supplement is March 18, 2019.

23. The Debtors further request a deadline of March 18, 2019 to file the proposed form of confirmation order.

### D.  Publication Notice

24. The Debtors request that the Plan Scheduling Order provide for publication notice and approve the form of notice. Bankruptcy Rule 2002(1) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

25. The Debtors seek parallel relief in the Sale Motion, and the Debtors submit that the publication notice described below and attached as Exhibit "1" hereto will provide adequate publication notice of both (i) the bidding procedures, auction and Sale, and Sale Hearing (under the Sale Motion) and (ii) the Disclosure Statement, Plan, and Combined Hearing.

26. Various impacted parties and community members ("Community Members") have claimed certain impacts from the 2017 Casualty Events, as well as from other operations of the Debtors. While the Debtors deny that any Community Members hold valid claims against the Debtors, the Debtors submit that, in an abundance of caution, additional publication notice is appropriate.

27. The Debtors are including within the notice parties and mailing matrix, for purposes of notice of the Bidding Procedures and Auction, and Plan solicitation and notice, all known Community Members for which the Debtors have contact information. Therefore, those Community Members will all directly receive: (i) the Auction and Sale Notice and Bidding Procedures (each as described in the Sale Motion); and (ii) the Plan, Disclosure Statement, and other solicitation materials as described in the proposed order on this Plan Scheduling Motion.

28. In addition to such direct noticing, the Debtors submit that publication notice in the form attached as Exhibit "1" hereto is appropriate to provide additional publication notice. The form of Exhibit "1" will inform interested parties as to the Sale, Auction, Bidding

Procedures, Sale Hearing, Plan, Disclosure Statement, and Combined Hearing. The proposed Plan Scheduling Order provides that the Debtors shall utilize the form of Exhibit "1," with such notice to be published within five (5) business days after the Plan Scheduling Order is entered, in the local newspapers for Woodville, Port Arthur, and Beaumont, Texas.

29. The Debtors submit that the above-described procedures satisfy the applicable Bankruptcy Rules and are appropriate under applicable authority, and therefore the proposed Plan Scheduling Order includes a finding that such publication notice is good and sufficient notice to Community Members. *See* FRBP 2002(l) (permitting notice by publication when a bankruptcy court finds that "notice by mail is impracticable or that it is desirable to supplement the notice."); FRBP 9008 (enabling the Court to "determine the form and manner" of publication notice, including "the newspaper or other medium to be used and the number of publications."); FRBP 2002(c) (specifying the contents required for notice of a proposed sale, use or lease of property outside the ordinary course of business); FRBP 9007 (enabling the Court, with respect to notices in a bankruptcy case, to "designate…the time within which, the entities to whom, and the form and manner in which the notice shall be given.")[5]

WHEREFORE, the Debtors respectfully request that the Court: enter an order in substantially the form of the Plan Scheduling Order attached to this Motion, and grant such other relief as the Court deems appropriate under the circumstances or at law or equity.

---

[5] In addition, because the Community Members are not prepetition creditors of the Debtors, due process does not require the Debtors to put these identified Community Members on the joint master mailing matrix in these Bankruptcy Cases and/or to serve them with copies of every document filed in these Bankruptcy Cases. *See, e.g., Sequa Crop. v. Christopher (In re Christopher)*, 28 F.3d 512, 519 (5th Cir. 1994) (holding that due process does not require formal notice to all parties who deal with a bankrupt debtor postpetition). Notice by publication suffices for "unknown creditors whose identities and claims are not reasonably ascertainable, and for creditors who hold only conceivable, conjectural, or speculative claims…." *Placid Oil Co. v.*

| | |
|---|---|
| Dated: January 30, 2019. | Respectfully submitted, |

                                          */s/ C. Davin Boldissar*
                                       C. Davin Boldissar (La. #29094)
                                       *(admitted pro hac vice)*
                                       Bradley C. Knapp (Tex. #24060101)
                                       Locke Lord LLP
                                       601 Poydras Street, Suite 2660
                                       New Orleans, Louisiana 70130-6036
                                       Telephone: (504) 558-5100
                                       Fax: (504) 681-5211
                                       dboldissar@lockelord.com

                                       -and-

                                       W. Steven Bryant
                                       Texas Bar. No. 24027413
                                       Federal I.D. No.  32913
                                       Locke Lord LLP
                                       600 Congress Avenue, Ste. 2200
                                       Austin, Texas 78701
                                       Telephone: (512) 305-4726
                                       Fax: (512) 305-4800
                                       sbryant@lockelord.com

                                       **COUNSEL FOR TEXAS PELLETS, INC. AND GERMAN PELLETS TEXAS, LLC**

---

*Williams (In re Placid Oil Co.)*, 463 B.R. 803, 816-17 (Bankr. N.D. Tex. 2012), aff'd 753 F.3d 151 (5th Cir. 2014).

## CERTIFICATE OF SERVICE

      I hereby caused a true and correct copy of the foregoing *Motion* to be served upon the parties listed on the attached Limited Service List via ECF Notification on January 30, 2019 and (for those parties who do not receive ECF notification) by United States regular mail, postage prepaid, on January 30, 2019.

                                                                                      */s/ C. Davin Boldissar*
                                                                                     C. Davin Boldissar