UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
(LUFKIN DIVISION)



EOD
02/20/2019

| | |
|---|---|
| In re: ) | |
| ) | **JOINTLY ADMINISTERED** |
| TEXAS PELLETS, INC.[1] ) | under Case No. 16-90126 |
| ) | |
| Debtors. ) | Chapter 11 |
| ) | |

**ORDER ESTABLISHING A BAR DATE OF <u>MARCH 25, 2019</u> FOR FILING
ADMINISTRATIVE CLAIMS THAT AROSE OR
ACCRUED ON OR BEFORE DECEMBER 31, 2018**

On this date the Court considered the *Motion For Entry of an Order Establishing a Bar Date Of <u>March 25, 2019</u> for Administrative Claims That Arose or Accrued On or Before December 31, 2018* **[dkt #1037]** (the "Motion")[2] filed by Texas Pellets, Inc. ("TPI") and German Pellets Texas, LLC ("<u>GPTX</u>" and with TPI, the "<u>Debtors</u>") in the above-styled, jointly administered Chapter 11 cases (the "Bankruptcy Cases"). The Court finds that proper notice of the Motion has been given under the Federal and Local Rules of Bankruptcy Procedure and that, pursuant to that certain Order Shortening Response Time regarding the Motion **[dkt #1039]**, no objection has been timely filed by the deadline established in that Order. The allegations of the Motion therefore stand unopposed, including the assertions that the granting of relief sought by the Motion will promote the confirmation process in this case and is in the best interests of the Debtors, their creditors, and their respective bankruptcy estates. Accordingly, the Court finds that just cause exists for entry of the following order.

---

[1] The jointly-administered Chapter 11 Debtors, along with the last four digits of each such Debtor's federal tax identification number, are Texas Pellets, Inc. (3478) and German Pellets Texas, LLC (9084). The corporate headquarters and service address for the jointly-administered is: 164 CR 1040, Woodville, TX 75979.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted to the extent set forth in this Order.

2. The form of the Administrative Bar Date Notice, attached to this Order as Exhibit "1" and the manner proposed in the Motion for providing notice of the Administrative Claims Bar Date (as defined below), is approved in all respects.

3. As used in this Order, the term "Administrative Claim" shall mean, as to or against the Debtors, (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured and (b) any right to an equitable remedy for breach of performance if such breach gives rise to a payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, provided that such right to payment (x) arose or was incurred after the Petition Date and/or (y) otherwise qualifies as an "administrative expense" under Bankruptcy Code § 503(b).

4. Without limitation, "Administrative Claims" shall include any and all claims, causes of action, and/or demands based on or related to one or more of the following, in connection with the Debtors' Port Arthur, Texas port and storage facility (the "Storage Facility"): (i) the fire and casualty event experienced by the Debtors commencing on or about February 27, 2017, which destroyed the Debtors' ship loader equipment, and caused other damage ("Ship Loader Fire") and/or (ii) the "Silo Burn," consisting of the smoldering burn detected in Silo #2 at the Debtors' Storage Facility on the night of April 15 through 16, 2017, and related burning, casualty, and damage, without limitation resulting in the structural failure of Silo #2 at the Storage Facility, occurring on or about June 4, 2017, and related damage (the "Silo

Collapse").

5. Any person, corporation, partnership, limited liability company, association, trust, governmental unit, or other entity of any kind that holds or wishes to assert an Administrative Claim accruing on or before December 31, 2018 against the Debtors must, by no later than ***March 25, 2019*** (the "Administrative Claims Bar Date"), file with this court a request for allowance of such Administrative Claim (an "Administrative Proof of Claim" or "Administrative Proofs of Claim").

6. The following procedures (collectively, the "Administrative Claim Procedures") are the sole and exclusive procedures that apply to any party seeking to assert an Administrative Claim against the Debtors accruing on or before December 31, 2018 and are hereby approved in all respects:

   a) All Administrative Proofs of Claim must be filed with the Court in the above-captioned case, by no later than the Administrative Claims Bar Date.

   b) Any claimant filing an Administrative Proof of Claim must also serve a copy of the Administrative Proof of Claim on the Debtors' counsel in the Bankruptcy Cases at the following address: Locke Lord LLP, Attn: C. Davin Boldissar, 601 Poydras Street, Suite 2660, New Orleans, Louisiana 70130-6036.

   c) An Administrative Claim must identify the particular Debtor against whom the Administrative Claim is asserted.

7. Notwithstanding anything to the contrary in this Order, the Administrative Claims Bar Date shall **not** apply to the following categories of Administrative Claims:

   a) any Administrative Claims that were incurred or arose after December 31, 2018;

   b) any Administrative Claims that (i) have been previously paid by the Debtors in the ordinary course of business or (ii) have otherwise been satisfied;

   c) any Administrative Claims asserted by a Debtor in these Bankruptcy Cases against the other Debtor;

   d) Any Administrative Claims that have been allowed by a prior order of this Court;

  e)  Any Administrative Claims that have been incurred by the professional firms retained in these Bankruptcy Cases pursuant to sections 327, 328, 330 or 1103 of the Bankruptcy Code and whose Administrative Claims are for compensation for services rendered or for reimbursement of expenses and indemnification incurred in these Bankruptcy Cases;

  f)  any fees payable to the Office of the United States Trustee under 8 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

  g)  any Administrative Claims arising in connection with the *Final Order (1) Authorizing Debtors in Possession to Obtain Postpetition Financing; (2) Authorizing Debtors in Possession to Use Cash Collateral; (3) Providing Adequate Protection; and (4) Granting Liens, Security Interests and Superpriority Claims*, dated June 14, 2016 [Docket #121] (as amended) (the "Final DIP Order") and held by the Bond Trustee and/or the DIP Lender (as defined in the Final DIP Order);

  h)  any Administrative Claims arising under any executory contracts or unexpired leases assumed by the Debtors pursuant to Bankruptcy Code § 365 prior to the Administrative Claims Bar Date; or

  i)  any Administrative Claim for which this Court has already entered an order requiring that such Administrative Claim be filed by a deadline other than the Administrative Claims Bar Date.

(collectively, "Excluded Administrative Claims").

  8.  No later than two (2) business days after the entry of this Order (the "Service Date"), the Debtors shall serve notice of the Administrative Claims Bar Date in substantially the form of the Administrative Bar Date Notice attached as Exhibit "1" to this Order. The Debtors shall serve the Administrative Bar Date Notice by first-class United States mail, postage prepaid, on the following parties:

  a)  All parties (whether or not represented through counsel) who have informed the Debtors that they are asserting, or may assert, claims against the Debtors in connection with the 2017 Casualty Events;

  b)  All other parties known to the Debtors as having asserted potential administrative claims against the Debtors' bankruptcy estates;

  c)  All parties to pending litigation with the Debtors as of the Service Date;

  d)  All parties listed on the Combined Mailing Matrix;

  e)  All counterparties to any executory contracts or unexpired leases listed on the Debtors' Schedules;

  f)  Applicable federal, state, and local taxing authorities; and

  g)  All parties who have requested notice in these Bankruptcy Cases pursuant to Bankruptcy Rule 2002

(collectively, the "Administrative Claim Notice Parties").

  9.  Pursuant to Bankruptcy Rules 2002(l) and 9008, the Debtors shall also publish the Administrative Bar Date Notice and the Administrative Proof of Claim Form (the "Publication Notice") in the *Port Arthur News, Beaumont Enterprise*, and *Tyler County Booster* as a means to provide notice of the Administrative Claims Bar Date to unknown, potential claimants. The Debtors shall cause the Publication Notice to be published by no later than five (5) business days after the Service Date.

  10.  Mailing the Administrative Bar Date Notice and the Administrative Proof of Claim Form in accordance with the procedures outlined in this Order and publishing the Publication Notice in the *Port Arthur News, Beaumont Enterprise*, and *Tyler County Booster* shall constitute good and sufficient notice to all holders of actual or potential Administrative Claims against the Debtors and all other parties-in-interest in these Bankruptcy Cases. Upon such mailing and publication, all such actual or potential holders of Administrative Claims against the Debtors and all other parties-in-interest in these Bankruptcy Cases shall be deemed to have received constructive notice of this Order and the procedures set forth in this Order (including the Administrative Claim Procedures), and shall be bound by this Order and the Administrative Claims Bar Date.

70714661v.1 0105342/00004

11. Any person, corporation, partnership, limited liability company, association, trust, governmental unit, or other entity of any kind who is required by this Order to file an Administrative Proof of Claim on account of its Administrative Claim(s) accruing on or before December 31, 2018 but who nevertheless fails to file, on or before the Administrative Claims Bar Date, an Administrative Proof of Claim that complies with the Administrative Claim Procedures shall be ***forever barred, estopped, and enjoined*** from: (a) asserting its Administrative Claim(s) against the Debtors, their bankruptcy estates, and their property; (b) filing any proof of claim or application for payment of an administrative expense against the Debtors with respect to such Administrative Claim(s); (c) asserting any claim that is of a different nature or classification on account of such Administrative Claim(s); and (d) participating in any distribution or receiving any payment from the Debtors or their estates on account of such Administrative Claim(s). Further, the Debtors, their bankruptcy estates, and their property shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Claim(s).

12. Notwithstanding anything else to the contrary, nothing in this Order shall extend the General Bar Date or the Governmental Bar Date for any party holding both an administrative-expense claim and a claim otherwise subject to, respectively, the General Bar Date or the Governmental Bar Date. The General Bar Date and the Governmental Bar Date shall continue to control with respect to any Claim (as defined in Bankruptcy Code § 101(5)) to which such bar dates apply.

13. The Debtors shall retain the right to: (i) dispute, or assert offsets or defenses against, any Administrative Proof of Claim or Administrative Claim filed, whether or not reflected in the Debtors' Schedules, as to the nature, amount, liability, classification, or otherwise; (ii) subsequently designate any scheduled Administrative Claim as disputed,

contingent, or unliquidated (or any combination thereof); and (iii) otherwise amend or supplement the Schedules. Nothing in this Order shall preclude the Debtors from objecting to any Administrative Claim or Administrative Proof of Claim on any ground.

14. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Signed on 02/20/2019

*[signature: Bill Parker]*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
(LUFKIN DIVISION)**

| | |
|---|---|
| In re: ) | |
| ) | **JOINTLY ADMINISTERED** |
| TEXAS PELLETS, INC.[3] ) | under Case No. 16-90126 |
| ) | |
| Debtors. ) | Chapter 11 |
| ) | |

**NOTICE OF BAR DATE OF <u>MARCH 25, 2019</u> FOR FILING ADMINISTRATIVE
CLAIMS THAT AROSE OR ACCRUED ON OR BEFORE DECEMBER 31, 2018**

**<u>WHO SHOULD FILE AN ADMINISTRATIVE PROOF OF CLAIM</u>**

On February 20, 2019, the United States Bankruptcy Court for the Eastern District of Texas (Lufkin Division), (the "Bankruptcy Court") entered its *Order (Establishing a Bar Date of March 25, 2019 for Administrative Claims That Arose or Accrued On or Before December 31, 2018* **[dkt # 1047]** (the "Administrative Bar Date Order").

The Administrative Bar Date Order established ***March 25, 2019*** (the "Administrative Claims Bar Date") as the last date for all persons, corporations, partnerships, limited liability companies, associations, trusts, governmental units, or other entities of any kind that hold an Administrative Claim (as defined below) that arose or accrued on or before December 31, 2018 against Texas Pellets, Inc. ("TPI") and/or German Pellets Texas, LLC ("GPTX" and together with TPI, the "Debtors") to file a proof of claim (an "Administrative Proof of Claim") in the above-styled, jointly administered Chapter 11 cases (the "Bankruptcy Cases") if such parties wish to assert their Administrative Claim(s) against the Debtors.

For purposes of this Notice, the term "Administrative Claim" means, as to or against the Debtors, (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured and (b) any right to an equitable remedy for breach of performance if such breach gives rise to a payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, *provided that* such right to payment arose or was incurred after April 30, 2016 (the "Petition Date") and/or (y) otherwise qualifies as an "administrative expense" under 11 U.S.C. § 503(b).

**Administrative Claims include (without limitation) any and all claims whatsoever**

---

[3] The jointly-administered Chapter 11 Debtors, along with the last four digits of each such Debtor's federal tax identification number, are Texas Pellets, Inc. (3478) and German Pellets Texas, LLC (9084). The corporate headquarters and service address for the jointly-administered is: 164 CR 1040, Woodville, TX 75979.

1

**based on or related to one or more of the following, in connection with the Debtors' Port Arthur, Texas port and storage facility (the "Storage Facility"): (i) the fire and casualty event experienced by the Debtors commencing on or about February 27, 2017, which destroyed the Debtors' ship loader equipment, and caused other damage ("Ship Loader Fire") and (ii) the "Silo Burn," consisting of the smoldering burn detected in Silo #2 at the Debtors' Storage Facility on the night of April 15 through 16, 2017, and related burning, casualty, and damage, without limitation resulting in the structural failure of Silo #2 at the Storage Facility, occurring on or about June 4, 2017, and related damage (the "Silo Collapse").**

Any holder of an Administrative Claim against the Debtors should read this entire Notice and may wish to consult an attorney regarding this Notice, the Administrative Claims Bar Date, and the Administrative Bar Date Order.

### WHO SHOULD *NOT* FILE AN ADMINISTRATIVE PROOF OF CLAIM

You should **not** file an Administrative Proof of Claim if you do not hold an Administrative Claim against the Debtors. The fact that you received this Notice does not necessarily mean that you have an Administrative Claim or that either the Debtors or the Bankruptcy Court believes that you have an Administrative Claim. This Notice is being forwarded to numerous persons and entities who may or may not have Administrative Claims against the Debtors.

The Administrative Bar Date Order further provides that the Administrative Claims Bar Date does **not** apply to the following categories of Administrative Claims:

a) any Administrative Claim that was incurred or arose after **December 31, 2018**;

b) any Administrative Claim that (i) has been previously paid by the Debtors in the ordinary course of business or (ii) has otherwise been satisfied;

c) any Administrative Claim asserted by a Debtor in the Bankruptcy Cases against the other Debtor;

d) Any Administrative Claim that has been allowed by a prior order of the Bankruptcy Court;

e) Any Administrative Claim that has been incurred by the professional firms retained in the Bankruptcy Cases pursuant to sections 327, 328, 330 or 1103 of the Bankruptcy Code and whose Administrative Claim is for compensation for services rendered or for reimbursement of expenses and indemnification incurred in the Bankruptcy Cases;

f) any fees payable to the Office of the United States Trustee under 8 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

g) any Administrative Claim arising in connection with the *Final Order (1)*

2

> *Authorizing Debtors in Possession to Obtain Postpetition Financing; (2) Authorizing Debtors in Possession to Use Cash Collateral; (3) Providing Adequate Protection; and (4) Granting Liens, Security Interests and Superpriority Claims*, dated June 14, 2016 [Docket No. 121] (as amended) (the "Final DIP Order") and held by the Bond Trustee and/or the DIP Lender (as defined in the Final DIP Order);

h) any Administrative Claim arising under any executory contracts or unexpired leases assumed by the Debtors pursuant to Bankruptcy Code § 365 prior to the Administrative Claims Bar Date; or

i) any Administrative Claim for which this Court has already entered an order requiring that such Administrative Claim be filed by a deadline other than the Administrative Claims Bar Date.

("Excluded Administrative Claims"). Under the Administrative Bar Date Order, a holder of an Excluded Administrative Claim does **not** need to file an Administrative Proof of Claim by the Administrative Bar Date in order to assert such Excluded Administrative Claim against the Debtors.

## FILING AN ADMINISTRATIVE PROOF OF CLAIM

**How to File**

All parties filing an Administrative Claim (other than an Excluded Administrative Claim) must comply with the following procedures (collectively, the "Administrative Claim Procedures"):

a) All Administrative Proofs of Claim must be filed with the Court in the above-captioned case, by no later than the Administrative Claims Bar Date.

b) Any claimant filing an Administrative Proof of Claim must also serve a copy of the Administrative Proof of Claim on the Debtors' counsel in the Bankruptcy Cases at the following address: Locke Lord LLP, Attn: C. Davin Boldissar, 601 Poydras Street, Suite 2660, New Orleans, Louisiana 70130-6036.

c) An Administrative Claim must identify the particular Debtor against whom the Administrative Claim is asserted.

## THE CONSEQUENCES OF FAILING TO FILE AN ADMINISTRATIVE PROOF OF CLAIM

Any person, corporation, partnership, limited liability company, association, trust, governmental unit, or other entity of any kind who is required to file an Administrative Proof of Claim on account of its Administrative Claim(s) but who nevertheless fails to file, on or before the Administrative Claims Bar Date, an Administrative Proof of Claim that complies with the

3

Administrative Claim Procedures shall be ***forever barred, estopped, and enjoined*** from: (a) asserting its Administrative Claim(s) against the Debtors, their bankruptcy estates, and their property; (b) filing any proof of claim or application for payment of an administrative expense against the Debtors with respect to such Administrative Claim(s); (c) asserting any claim that is of a different nature or classification on account of such Administrative Claim(s); and (d) participating in any distribution or receiving any payment from the Debtors or their estates on account of such Administrative Claim(s). Further, the Debtors, their bankruptcy estates, and their property shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Claim(s).

The Debtors reserve the right to: (i) dispute, or assert offsets or defenses against, any Administrative Proof of Claim or Administrative Claim filed, whether or not reflected in the Debtors' Schedules, as to the nature, amount, liability, classification, or otherwise; (ii) subsequently designate any scheduled Administrative Claim as disputed, contingent, or unliquidated (or any combination thereof); and (iii) otherwise amend or supplement the Schedules. Nothing contained in this Notice shall preclude the Debtors from objecting to any Administrative Claim or Administrative Proof of Claim on any ground.

Copies of the Administrative Bar Date Order are available upon request to the Debtors' counsel at 504-558-5100.

DATED: February __, 2019             Respectfully submitted by:

*/s/ C. Davin Boldissar*
C. Davin Boldissar (La. #29094)
*(admitted pro hac vice)*
LOCKE LORD LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5100
Fax: (504) 681-5211
dboldissar@lockelord.com

**COUNSEL FOR TEXAS PELLETS, INC. AND GERMAN PELLETS TEXAS, LLC**

4

70714661v.1 0105342/00004