**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**(LUFKIN DIVISION)**

| | |
|---|---|
| In re: ) | |
| ) | **JOINTLY ADMINISTERED** |
| TEXAS PELLETS, INC.,[1] ) | Case No. 16-90126 |
| ) | |
| Debtors. ) | Chapter 11 |
| ) | |

**AGREED MOTION FOR CONTINUANCE OF COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT AND (B) CONFIRMATION OF PLAN**
**[Relates to Docket #1040, 1050, 1051]**

Texas Pellets, Inc. ("TPI") and German Pellets Texas, LLC ("GPTX") (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Bankruptcy Cases"), hereby file *Agreed Motion for Continuance of Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan* (the "Motion"). In further support hereof, the Debtors respectfully state as follows:

## I.    SUMMARY / RELIEF REQUESTED

1.    The Court has entered the February 13, 2019 *Order Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan* [Docket #1040] ("Plan Scheduling Order") and the February 21, 2019 *Order Approving Bidding Procedures and Auction and Sale Notice and Granting Related Relief* [Docket # 1048] ("Bidding Procedures Order"). All capitalized terms used herein have the same meaning as set forth in the Plan Scheduling Order and Bidding Procedures Order.

2.    Under this Motion and the other motions filed herewith, the Debtors request a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Texas Pellets, Inc. (3478) and German Pellets Texas, LLC (9084). The Debtors' principal place of business and service address is 164 County Road 1040, Woodville, Texas 75979.

three-week extension of the current timeline and deadlines for the (i) bidding and auction process; (ii) proposed sale of substantially all assets of the Debtors; (iii) liquidating Chapter 11 plan; and (iv) debtor in possession financing. The current process and timeline along with the proposed extensions, is summarized below:

| Event | Current Date/Deadline | Extended Date/Deadline |
|---|---|---|
| Solicitation of Plan / Service of Disclosure Statement | (Solicitation took place on February 22, 2019) | N/A |
| Bid Deadline | Originally March 14, 2019 -- Extended (not yet rescheduled)[2] | To be rescheduled |
| Auction | Originally March 21, 2019 -- Adjourned (not yet rescheduled) | To be rescheduled |
| Deadline for:<br>• Objection to Sale<br>• Objection to adequacy of Disclosure Statement<br>• Plan ballot submission<br>• Objection to Plan confirmation | March 25, 2019 | To be rescheduled |
| Sale Hearing / Confirmation Hearing | March 27, 2019 | To be rescheduled |
| Maturity Date for DIP Loans | March 29, 2019 | April 19, 2019 |

3. Generally, the Debtors request a three-week extension of the entire schedule (which has been agreed to by the Bond Trustee and the Committee), with a maturity date extension of the debtor in possession financing to April 19, 2019. The Debtors request that the other dates be extended but not rescheduled to specific dates. The Debtors anticipate that they will be in a position to submit definitive dates for rescheduling during the last week of March or

---

[2] As discussed below, under a notice filed with the Court [Docket #1075], the Bid Deadline and Auction have already been extended and adjourned by the Debtors pursuant to Paragraph 3 of the Bidding Procedures Order.

the first week of April, and at that time, the Debtors will file a further motion to set a specific schedule.

4. In this Motion, the Debtors request entry of an order adjourning the Combined Hearing on Plan confirmation and approval of the Disclosure Statement, and extending the associated deadlines and other dates set forth under the Plan Scheduling Order.

## II.    JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue of these cases and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    BACKGROUND FACTS

7. On April 30, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas (Lufkin Division) (the "Court") commencing the Bankruptcy Cases.

8. The Debtors continue to operate and maintain their business as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. No trustee or examiner has been appointed in these Bankruptcy Cases. An official committee of unsecured creditors (the "Committee") was appointed on May 17, 2016.

10. In connection with this Sale Motion, as the Court is aware, the Debtors have been engaged in a marketing process regarding the sale of their business and assets, including the

Woodville, Texas wood pellets manufacturing facility, or "Manufacturing Facility," and the Port Arthur, Texas storage and port facility, or "Storage Facility" (together, the "Facilities").

11. The Debtors' marketing and strategic process was interrupted by the 2017 ship loader fire, silo burn and silo collapse (the "2017 Casualty Events"), and the need to rebuild and repair (the "Rebuild") the Storage Facility. The Rebuild is now complete, subject only to limited "punch list" items. The Storage Facility is currently accepting deliveries of pellets.

### IV.  RELIEF REQUESTED AND AUTHORITIES IN SUPPORT

12. After consultation with the Debtors' investment banker, Potential Bidders, the Bond Trustee, and the Committee, the Debtors, in their business judgment, have determined that more time is needed for the Debtors' marketing process. The Debtors are currently evaluating and formulating specific rescheduled dates. This impacts not only the Sale Hearing but also necessitates a continuance of the Combined Hearing to consider the Plan and Disclosure Statement.

13. The Debtors request that the entire schedule be extended for approximately three weeks, during which time the Debtors are formulating a specific amended schedule. The Debtors request that the Court enter orders continuing and extending all dates, but without setting specific rescheduled dates at this time (except for the maturity date for the debtor in possession financing, which will be extended to April 19, 2019 at this time).

14. The Debtors anticipate that they will be in a position to submit definitive dates for rescheduling during the last week of March or the first week of April, and at that time, the Debtors will file a further motion to set a specific schedule to reschedule the Bid Deadline, Auction, objection deadlines, and Sale Hearing and Combined Hearing on Plan confirmation and approval of the Disclosure Statement.

15. Specifically as to the Plan Scheduling Order, the Debtors request that the Court enter an Order: (i) adjourning the Combined Hearing currently set for March 27, 2019 and (ii) extending and rescheduling the other dates and deadlines under the Plan Scheduling Order to be reset when a definitive date is set for the Combined Hearing. Such dates and deadlines, to be extended and rescheduled at a later time, include:

- Deadline to file the Plan Supplement;
- Deadline to file the proposed form of confirmation order;
- Disclosure Statement Objection Deadline;
- Plan Ballot Deadline; and
- Plan Objection Deadline

16. The Debtors therefore request that confirmation be continued. The delay in confirmation will not harm any creditor or interest holder and will allow the Debtors more time to complete the marketing process, which the Debtors have determined to be in the best interest of the estates (after consultation with the investment banker, Potential Bidders, the Bond Trustee, and the Committee)

17. This Court has broad discretion to control its docket and to determine when to grant a continuance in a particular case. *Morris v. Slappy*, 461 U.S. 1, 11-12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).

18. The Debtors do not seek this continuance for purposes of delay, and the requested continuance lies within this Court's authority to grant. In addition, the Committee and the Bond Trustee do not oppose this relief.

**WHEREFORE, PREMISES CONSIDERED**, the Debtors pray for entry of an order: (i) adjourning the Combined Hearing currently set for March 27, 2019; (ii) extending and

rescheduling the other dates and deadlines under the Plan Scheduling Order to be reset when a definitive date is set for the Combined Hearing; and (iii) granting the Debtors all other relief to which they may be entitled at law and equity.

Dated: March 18, 2019

Respectfully submitted,

*/s/ C. Davin Boldissar*
C. Davin Boldissar (La. #29094)
*(admitted pro hac vice)*
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5100
Fax: (504) 681-5211
dboldissar@lockelord.com

-and-

W. Steven Bryant
Texas Bar. No. 24027413
Federal I.D. No. 32913
Locke Lord LLP
600 Congress Avenue, Ste. 2200
Austin, Texas 78701
Telephone: (512) 305-4726
Fax: (512) 305-4800
sbryant@lockelord.com

**COUNSEL FOR TEXAS PELLETS, INC. AND GERMAN PELLETS TEXAS, LLC**

### CERTIFICATE OF SERVICE

I hereby caused a true and correct copy of the foregoing *Motion* to be served upon the parties listed on the attached Limited Service List via ECF Notification and (for those parties who do not receive ECF notification) on March 18, 2019 by United States regular mail, postage prepaid.

*/s/ C. Davin Boldissar*
C. Davin Boldissar