## **EXHIBIT A**

See attached form of Liquidating Trust Agreement

## LIQUIDATING TRUST AGREEMENT

This *Liquidating Trust Agreement* (the "Trust Agreement"), dated as of [*], 2019, by and among Texas Pellets, Inc., and German Pellets Texas, LLC (each a "Debtor," and collectively, the "Debtors") and _____ (the "Trustee") is executed in connection with the *First Amended Joint Chapter 11 Plan* for the Debtors dated February 22, 2019 (in the final form attached to the below-defined Confirmation Order, the "Plan"). Capitalized terms used in this Trust Agreement and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

### W I T N E S S E T H

WHEREAS, the Debtors commenced chapter 11 cases (collectively, the "Cases") by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Texas (the "Bankruptcy Court");

WHEREAS, on February 22, 2019, the Debtors filed the Plan (solicitation version);

WHEREAS, on May __, 2019, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order");

WHEREAS, the Plan provides for the creation of a post-confirmation liquidation trust (the "Trust") to hold and administer the Trust Assets (defined below), including but not limited to the Retained Causes of Action, and the proceeds of the foregoing, to distribute the assets or proceeds of such assets in accordance with the terms of the Plan to holders of Secured Claims with Allowed Claims and liens against specific assets and to the holders of Allowed Unsecured Claims (the "Trust Beneficiaries"), and to take all actions necessary to wind down and close the Estate, all in accordance with the terms of this Trust Agreement and the Plan;

WHEREAS, "Trust Assets" means (i) the Avoidance Actions, (ii) the Retained Causes of Action, (iii) the D&O Action, (iv) the Avoidance Action Proceeds, and (v) all other Excluded Assets except for the Ship Loader Insurance Claims, the Silo Fire Insurance Claims, and the Insurance Policies relating to and applicable to the Ship Loader Insurance Claims and Silo Burn Insurance Claims. This Trust Agreement is executed to establish the Trust and to facilitate the Plan;

WHEREAS, the Trust is established for the sole purpose of liquidating the Trust Assets for the benefit of the Trust Beneficiaries (including holders of Disputed Claims that become Allowed Claims) in accordance with Treasury Regulation Section 301.7701-4(d), with no objective or authority to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Trust including the wind down and closure of the Estate;

WHEREAS, the Trust is intended to qualify as a Trust within the meaning of Treasury Regulation Section 301.7701-4(d) for United States federal income tax purposes;

1

WHEREAS, the respective powers, authority, responsibilities and duties of the Trustee shall be governed by this Trust Agreement, the Plan, the Confirmation Order, other applicable orders issued by the Bankruptcy Court and any obligations under Louisiana law;

WHEREAS, this Trust Agreement is intended to supplement, complement and implement the Plan; provided, however, that except as otherwise expressly stated herein, if any of the terms and/or provisions of this Trust Agreement conflict with the terms and/or provisions of the Plan, then the Plan shall govern.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Debtors and the Trustee agree as follows:

# ARTICLE 1

## ESTABLISHMENT OF THE TRUST

1.1     <u>Establishment of Trust</u>.  Trustee hereby accepts his appointment.  Pursuant to the Plan, the Debtors and the Trustee hereby establish the Trust on behalf of the Trust Beneficiaries. The Trustee agrees to accept and hold the Trust Assets in trust for the Trust Beneficiaries subject to the terms of this Trust Agreement, and agrees to assume the role and duties of the Trustee as provided in this Trust Agreement.

1.2     <u>Purpose of the Trust</u>.  The Trust shall be established for the purpose of liquidating the Trust Assets and taking all actions necessary to wind down and close the Estate, in accordance with Treasury Regulations Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business. Accordingly, the Trustee shall, in an expeditious but orderly manner, liquidate and convert to Cash the Trust Assets, make distributions, and not unduly prolong the duration of the Trust. The Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth herein or in the Plan.

1.3     <u>Transfer of Assets and Rights to the Trustee</u>.

(a)     Except as provided otherwise in the Plan, as of the Effective Date the Debtors hereby transfer, assign, convey and deliver to the Trustee, (i) all of their right, title, and interest in the Trust Assets, subject to all Liens, Claims, interests and encumbrances, including but not limited to the Liens of the Bond Trustee, (ii) all of their rights with respect to the Trust Assets, and (iii) the attorney-client privilege related to Claims and Retained Causes of Action transferred to the Trust (but not including any and all attorney-client privilege and confidentiality as to the Ship Loader Insurance Claims, the Silo Fire Insurance Claims, and the Insurance Policies relating to and applicable to the Ship Loader Insurance Claims and Silo Burn Insurance Claims), and the Trustee on behalf of the Trust hereby assumes and agrees that all such Trust Assets will be transferred to the Trust, subject to all Liens, Claims, interests and encumbrances, including but not limited to the Liens of the Bond Trustee.

2

(b)     [Intentionally Omitted.]

1.4     <u>Title to Trust Assets</u>.

(a)     The transfer of the Trust Assets to the Trust shall be made for the benefit of the Trust Beneficiaries, whether the Claims of the Trust Beneficiaries are Allowed on or after the Effective Date of the Plan. In this regard, the Trust Assets will be treated for tax purposes as being transferred by the Debtors to the Trust Beneficiaries, and then by the Trust Beneficiaries to the Trust in exchange for beneficiary interests in the Trust, which interests shall be distributed by the Trustee to the Trust Beneficiaries in exchange for their Allowed Claims in accordance with the Plan and as set forth in Article 5 below. Upon the transfer of the Trust Assets, the Trustee shall succeed to all of the Debtors' right, title and interest in and to the Trust Assets and the Debtors will have no further interest in or with respect to the Trust Assets or this Trust.

(b)     For all United States federal income tax purposes, all parties (including, without limitation, the Debtors, the Trustee, and the Trust Beneficiaries) shall treat the transfer of Trust Assets to the Trust described in this Section 1.4 and in the Plan (and any subsequent transfers of Assets) as a transfer to the Trust Beneficiaries followed by a deemed transfer by such Trust Beneficiaries to the Trust, and the beneficiaries of this Trust shall be treated as the grantors and owners hereof.

1.5     <u>Reliance</u>.  The Trustee may rely upon the Debtors' filed schedules and statements of financial affairs and all other information provided by the Debtors or their representatives to the Trustee or the Liquidating Trust Committee concerning Claims filed against the Debtors and the Debtors' reconciliation, if any, and other documents supporting such reconciliation.

1.6     <u>Valuation of Trust Assets</u>.  As reasonably determined from time to time by the Trustee in his good faith and reasonable judgment, valuation of the Trust Assets transferred to the Trust shall be used consistently by the Trustee and the Trust Beneficiaries for all federal income tax purposes. The Trustee, Debtors and the Trust Beneficiaries agree that (i) the value of the Retained Causes of Action on the date of their transfer to the Trust shall be zero dollars; and (ii) the transfer of the Retained Causes of Action to the Trust shall "close" the transaction for tax purposes as to the Debtors with respect to any subsequent receipt of proceeds by the Trust in connection with the Retained Causes of Action or investment earnings thereon.

1.7     <u>Governance of the Trust</u>.  The Trust shall be governed by the Trustee subject to the provisions set forth in this Trust Agreement and Texas law.  The Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purposes of this Trust and not otherwise, except that the Trustee may deal with the Trust Assets for its own account as provided herein.  Subject to the terms and conditions of this Trust Agreement, the Trustee may delegate responsibility for discrete issues or decisions to third parties subject to continued oversight by the Trustee.

America:0105342/00004: 70969335v.1

1.8     Appointment of the Trustee.  The Trustee has been selected, pursuant to the terms of the Plan. Confirmation of the Plan shall constitute the Bankruptcy Court's approval of _____, as Trustee who shall hold such position until his/her removal, resignation, or death.

1.9     Bond.  The Trustee shall serve without bond.

1.10    Funding of the Trust.  The Trustee may from time to time make withdrawals from unencumbered Trust Assets in amounts and at times that the Trustee deems necessary or appropriate to fund any and all costs and expenses that the Trustee and the Trust incur subsequent to the Effective Date in accordance with this Trust Agreement and the Plan.

## ARTICLE 2

## THE TRUSTEE

2.1     Role of the Trustee.  In furtherance of and consistent with the purpose of the Trust and the Plan, the Trustee shall, for the benefit of the Trust Beneficiaries and subject to the provisions set forth in this Trust Agreement and the Plan: (i) have the power and authority to hold, manage, and distribute the Trust Assets; (ii) have the power and authority to hold, manage, and distribute the Cash or non-Cash Trust Assets obtained through the exercise of his power and authority; and (iii) have the power and responsibility to take all actions necessary to wind down and close the Estate, including objecting to any and all Claims, file all required tax returns, and file and receive approval of a final report from the Bankruptcy Court, all as may be provided for in additional and further detail below. In all circumstances, the Trustee shall act in the best interests of all Trust Beneficiaries of the Trust and in furtherance of the purpose of the Trust.

2.2     Authority of Trustee.  In connection with the administration of the Trust, subject to and except as otherwise set forth in this Trust Agreement or the Plan, the Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Trust. Without limiting, but subject to the foregoing, the Trustee, as applicable, shall be authorized, unless otherwise provided for in this Trust Agreement and subject to the limitations contained herein and in the Plan, to:

a.  Reserve all or part of any Sale Proceeds transferred to the Trustee (other than the Distribution Reserve which shall be treated as set forth herein) under the provisions of the Plan to fund the Trust;

b.  Make all Distributions contemplated under the Plan;

c.  Consistent with maintaining the value and liquidating the residual assets of the Trust, invest in time or demand deposits, including certificates of deposit issued by any bank approved as a depository institution by the United States Trustee's office, United States Treasury bonds and other securities guaranteed by the full faith and credit of the United States of America or any agency thereof;

4

d.  Supervise and administer the resolution, settlement and payment of Claims and Interests and the distributions to the holders of Allowed Claims and Allowed Interests in accordance with this Plan;

e.  Enter into any agreement on behalf of the Trust required by or consistent with the Plan and perform all of the obligations required of the Trustee under the Trust or this Plan;

f.  Transfer to the holder of any Allowed Secured Claim the Collateral (if part of the Excluded Assets) securing that Claim, or the proceeds from the sale of such Collateral to be paid in the same order of priority as were the Liens on such Collateral prior to the sale;

g.  Abandon any other of the assets of the Trust if the Trustee concludes that such assets are of no material benefit to the Creditors; provided, however, that the Trustee will not abandon assets with a value in excess of $10,000 without first obtaining the written consent of the Liquidating Trust Committee and the Bond Trustee;

h.  Participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any proceeding involving the Chapter 11 Cases, administrative proceeding, arbitrative proceeding or other non-judicial proceeding and litigate claims on behalf of the Trust, including without limitation all state and federal retained causes of action or any other litigation which constitute an asset of the Trust and pursue to settlement or judgment such actions;

i.  Act in the name of or in the place of the Trust in any action before the Bankruptcy Court or any other judicial or administrative body;

j.  Take actions and exercise remedies against any entity that owes money to the Trust, including without limitation, the remedies available under any deed of trust, security agreement, contract, promissory note, bond, guarantee or other instrument or document; make compromises regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; and, declare or waive defaults regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document;

k.  File and prosecute any Claims and Retained Causes of Action on behalf of the Trust, including all derivative Retained Causes of Action;

l.  Select and employ such professionals, consultants, agents or employees as the Trustee deems necessary to assist in the administration of the affairs of

5

the Trust and compensate such persons subject to the compensation procedures of Section 9.15;

m. Hold any unclaimed distribution or payment to the holder of an Allowed Claim in accordance with this Plan;

n. Propose any amendment, modification or supplement to this Plan or the Trust's governance documents;

o. File dissolution/termination documents with the appropriate governmental agencies to dissolve the Trust;

p. Receive, conserve and manage the assets of the Trust;

q. Open and maintain bank accounts on behalf of or in the name of the Trust;

r. Pay all taxes, make all tax withholdings and file tax returns and tax information returns and make tax elections by and on behalf of the Trust;

s. Pay all lawful expenses, debts, charges and liabilities of the Trust;

t. Enforce all provisions of the Plan;

u. Protect, perfect and defend the title to any of the assets of the Trust and enforce any bonds, mortgages or other obligations or Liens owned by the Trust;

v. Carry insurance coverage, including insurance to protect the Trust and the Trustee against claims brought against the Trust or the Trustee acting within his capacity with the Trust, in such amounts as he/she may deem advisable;

w. Establish such reserves for taxes, assessments and other expenses of administration of the Trust (including without limitation the Disputed Claims Reserve) as may be necessary and appropriate for the proper operation of matters incident to the affairs of the Trust;

x. Cause to be prepared a quarterly report (to be filed with the Bankruptcy Court within twenty (20) days after the end of the relevant report preparation period) setting out (i) receipts and disbursements during the prior quarter, (ii) a schedule of all asset dispositions, (iii) a schedule of Distributions made, and (iv) a summary listing of the status of the resolution of objections to Claims and Retained Causes of Action;

y. Pay any statutory fees due for the post-Effective Date period pursuant to 28 U.S.C. § 1930(a)(6) and such fees shall be paid until entry of a final decree or an order converting or dismissing the Bankruptcy Case;

6

z.  Maintain records and books of account relating to the Trust's assets, the management thereof and all transactions undertaken by the Trustee on behalf of the Trust;

aa.  Maintain records and books of account relating to all Distributions contemplated under the Plan; and

bb.  Exercise such other powers and duties as are necessary or appropriate in the Trustee's discretion to accomplish the purposes of this Plan.

2.3  <u>Limitation of Trustee's Authority</u>.  The Trustee shall have no power or authority except as set forth in this Trust Agreement or in the Plan.  Notwithstanding anything herein to the contrary, the Trustee shall not be authorized to engage in any trade or business, and shall only take such actions consistent with the orderly liquidation of the Trust Assets as are required or contemplated by applicable law, the Plan and this Trust Agreement, and the actions necessary to wind down and close the Estate and dissolve the Trust.

2.4  <u>Books and Records</u>.  The Trustee shall maintain in respect of the Trust books and records relating to the Trust Assets (including the Retained Causes of Action) and income of the Trust and the payment of expenses of, and liabilities of claims against or assumed by, the Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof.  Such books and records shall be maintained on a modified cash or other comprehensive basis of accounting necessary to facilitate compliance with the tax reporting requirements of the Trust.  Except as otherwise may be expressly provided in this Trust Agreement, nothing in this Trust Agreement requires the Trustee to file any accounting or seek approval of any court with respect to the administration of the Trust, or as a condition for managing any payment or distribution out of the Trust Assets.  Subject to all applicable privileges, the Trust Beneficiaries shall have the right, in addition to any other rights they may have pursuant to this Trust Agreement, under the Plan or otherwise, upon twenty (20) days' prior written notice to the Trustee, to request a reasonable inspection of the books and records held by the Trustee; provided, however, that all reasonable costs associated with such inspection shall be paid by such requesting Trust Beneficiary; provided further, however, that if so requested, such Trust Beneficiary shall have entered into a confidentiality agreement satisfactory in form and substance to the Trustee, and make such other arrangements as may be reasonably requested by the Trustee.  One (1) year after dissolution of the Trust or the Debtor entities, the Trustee is authorized to destroy any and all books and records without further notice or Bankruptcy Court order, unless the Bankruptcy Court has ordered otherwise; provided, however, that the Trustee may move the Bankruptcy Court for entry of an order authorizing the destruction of any and all books and records prior to expiration of the one (1) year period following dissolution of the Trust.

2.5  <u>Additional Powers</u>.  Except as otherwise set forth in this Trust Agreement or in the Plan, and subject to the Treasury Regulations governing creditors' trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Trustee may control and exercise authority over the Trust Assets and over the protection, conservation and disposition thereof. No Person dealing with the Trust shall be

7

obligated to inquire into the authority of the Trustee in connection with the protection, conservation or disposition of the Trust Assets.

2.6     <u>Tax and Reporting Duties of the Trustee</u>.  The Trustee shall file returns for the Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority, including, without limitation, any requirements imposed with respect to Distributions hereunder and under the Plan. The Trustee shall also file (or cause to be filed) any other statements, returns, reports or disclosures relating to the Trust that are required by any governmental authority, and all such statements, returns, reports or disclosures shall be prepared in reasonable detail in accordance with all applicable laws.

2.7     <u>Compliance with Laws</u>.  Any and all Distributions of Trust Assets and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, without limitation, applicable federal and state securities laws.  The Trustee may withhold a Distribution from any Trust Beneficiary if the Trustee is unable, after reasonable investigation, to obtain taxpayer identification information for any Trust Beneficiary sufficient to permit the Trustee to make any Distribution in compliance with applicable law.

2.8     <u>Confidentiality</u>.  The Trustee shall forever hold in strict confidence and not use for personal gain any material, non-public information of or pertaining to the Trust Assets, or the operation of the Trust and any other entity to which any of the Trust Assets may at any time relate.

2.9     <u>Compensation of the Trustee</u>.  As compensation for services as Trustee, and under any other agreements to which the Trustee is a party as contemplated by the Plan, the Trustee shall receive as compensation for services the statutory fee payable to trustees appointed in cases under chapter 7 or chapter 11 of the Bankruptcy Code, in accordance with Bankruptcy Code § 326 and subject to Bankruptcy Court approval as provided in that section.

2.10     <u>Costs and Expenses of the Trustee</u>.  All costs and expenses of the Trustee and Trust shall be borne by and as a charge against unencumbered Trust Assets.  The Trustee shall prosecute the Retained Causes of Action by employing counsel on terms acceptable to the Bond Trustee and the Liquidating Trust Committee.  The Trustee, in conjunction with its counsel, shall undertake reasonable best efforts to review each Cause of Action before such claims are filed, to determine the viability, chance of success, and potential recovery on such claim; and the Trustee shall not file a particular claim if that review indicates that, as to that claim, the chance of success is low and/or the possible recovery on the claim is minimal.

2.11     <u>Compensation Procedures</u>.  The Trust and all professionals employed by the Trustee shall be entitled to payment of their fees and reimbursement of all reasonable expenses on a monthly basis; provided, however, that all such fees and expenses must be earned pursuant to sections 2.9 and 2.10 above.  Prior to receiving reimbursement of any such fees and expenses, the Trust and all professionals employed by the Trustee shall provide invoices and other documentation supporting the amounts sought to the Bond Trustee and the Liquidating Trust Committee, which parties shall have fifteen (15) days after receipt to object to payment of such

8

amounts.  If no such objection is interposed within fifteen days after receipt, the Trustee and other professionals seeking payment shall be entitled to payment of 100% of fees and expenses sought from unencumbered Trust Assets.  If an objection is interposed by the Bond Trustee or the Liquidating Trust Committee, and the objection cannot be consensually resolved, the objection shall be resolved by order of the Bankruptcy Court; provided, however, that the Trustee shall pay from unencumbered Trust Assets any portion of such fees that is not subject to objection.

     2.12   <u>Reliance by Trustee</u>.

    (b)     the Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by him/her to be genuine and to have been signed or presented by the proper party or parties including, but not limited to, the Claims Register maintained by the Clerk of the Bankruptcy Court in these Cases; and

    (c)     Persons dealing with the Trustee shall look only to the Trust Assets to satisfy any liability incurred by the Trustee to such person in carrying out the terms of this Trust Agreement, and the Trustee shall not have any personal obligation to satisfy any such liability, except to the extent that actions taken or not taken after the Effective Date by the Trustee are determined by a Final Order to be solely due to the Trustee's gross negligence, fraud or willful misconduct.

    (d)     The Trustee may consult with and shall not be liable for any actions taken or suffered by the Trustee in accordance with the advice of such counsel or other professionals, and may also consult with and rely upon accountants and former consultants or advisors of the Debtors, the Committee, present and former officers, directors and consultants of the Debtors' affiliates or subsidiaries.

     2.13   <u>Investment and Safekeeping of Trust Assets</u>.  The right and power of the Trustee to invest Trust Assets, the proceeds thereof, or any income earned by the Trust, shall be limited to the right and power that a Trust, within the meaning of Treasury Regulations Section 301.7701-4(d), is permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

     2.14   <u>Authorization to Expend Trust Assets</u>.  The Trustee may expend the Trust Assets: (a) as reasonably necessary to maintain the value of the Trust Assets during liquidation: (b) to pay all costs and expenses of the Trust (including, without limitation, any taxes imposed on the Trust); and (c) to satisfy all other liabilities incurred or assumed by the Trust (or to which the Trust Assets are otherwise subject) in accordance with this Trust Agreement and the Plan.

America:0105342/00004: 70969335v.1

2.15    <u>Termination</u>.  The duties, responsibilities and powers of the Trustee will terminate on the date the Trust is dissolved under applicable law in accordance with the Plan, Article 8 of this Trust Agreement, or by an order of the Bankruptcy Court.

2.16    <u>Reliance</u>.  Any Person dealing with the Trustee shall be fully protected in relying upon the Trustee' s certificate or instrument signed by the Trustee that he has authority to take any action under this Trust.

2.17    <u>Trustee's Funds</u>.  No provision of this Trust Agreement or the Plan shall require the Trustee to expend or risk his own funds or otherwise incur any financial liability in the performance of any of his duties as Trustee hereunder or under the Plan, or in the exercise of any of its rights or powers, if the Trustee shall have reasonable grounds for believing that repayment of funds or adequate indemnity or security satisfactory to the Trustee against such risk or liability is not reasonably assured to the Trustee.

**ARTICLE 3**

**DISTRIBUTIONS**

3.1    <u>Distribution; Withholding</u>. In accordance with this Article 3, and in the discretion of the Trustee as to timing, the Trustee shall distribute from the Trust to each Trust Beneficiary Cash on hand (including, without limitation, all net Cash income plus all net Cash proceeds from the liquidation of Trust Assets, including, without limitation, as Cash for this purpose, all permissible investments described in Section 2.13) from the Trust to the Trust Beneficiaries, after making reserve for Disputed Claims as provided in Section 3.7 below; provided, however, that no distribution to an individual unit holder will be required unless such aggregate distribution would be at least $25.00.

3.2    <u>Payment of Distributions</u>.

3.2.1    *Payments From Distribution Reserve*.  The Trustee shall cooperate and assist the CRO to make distributions from the Distribution Reserve as set forth in Section 6.1.7 of Plan.

3.2.2    *Payments to Trust Beneficiaries*.  The Trustee shall apply any remaining Cash on hand (following payment of any Allowed Administrative Claims, return of the Distribution Reserve Balance to the Bond Trustee, and payment to holders of Allowed Secured Claims the proceeds of their collateral) to the Trust Beneficiaries to make *pro rata* Distributions to the Allowed Class 3(a) and Class 3(b) Claims.

3.2.3    *Limitations on Payments.*  Notwithstanding anything to the contrary contained in this Article 3 or the Plan, prior to making any Distribution to the Trust Beneficiaries, the Trustee may retain such amounts as deemed reasonably necessary to: (i) meet contingent liabilities and to maintain the value of the Trust Assets of the Trust during liquidation; and (ii) to pay reasonable estimated expenses.  The Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Trustee's reasonable

10

sole discretion, required by any law, regulation, rule, ruling, directive or other governmental requirement. Notwithstanding the foregoing, the Trustee shall not be authorized to hold back any disbursement from the Distribution Reserve Balance provided for in Section 3.2.3 hereof.

3.3     <u>Manner of Payment of Distributions</u>.  All Distributions to Trust Beneficiaries from the Trust shall be payable only to Trust Beneficiaries of record and, as to each such Trust Beneficiary within a Class then entitled to payment, in amounts equal to such Trust Beneficiaries' *pro rata* portion of the Distribution.  All Distributions to Trust Beneficiaries from the Trust shall be payable in Cash by wire transfer, check or such other method as the Trustee deems appropriate under the circumstances.  All payments of the costs and expenses of the Trust shall be paid in Cash from unencumbered assets by wire transfer, check or such other method as the Trustee deems appropriate under the circumstances.

3.4     <u>Distributions on Business Days</u>.  Any payment or Distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

3.5     <u>Filing and Prosecution of Objections to Claims and of Retained Causes of Action</u>. The Trustee shall have the exclusive right to file, prosecute and/or continue prosecuting (after the Effective Date) any objections to Claims and any Retained Causes of Action on behalf of the Trust, including, without limitation the D&O Action, all Avoidance Actions and Retained Causes of Action.  The Trustee shall have the authority to compromise, settle or otherwise resolve all objections to any Claim or Cause of Action filed or asserted in the amount of $50,000 or less without approval of the Bankruptcy Court; provided, however, the Trustee shall provide notice of such settlements to the Bond Trustee and the Liquidating Trust Committee, who shall each be able to bring the matter before the Bankruptcy Court in the event either party does not consent to the proposed settlement.  For all Claims in excess of $50,000, the Trustee shall file a notice of any proposed settlement with the Bankruptcy Court and provide such notice to the Bond Trustee and Liquidating Trust Committee.  If the Bond Trustee consents and no written objection is served on the Trustee within ten (10) days of the date such notice is filed, the proposed settlement shall be deemed approved, and the Trustee may settle such Claim without approval of any other person or entity.  If a Creditor, the Bond Trustee or the Liquidating Trust Committee objects to any proposed settlement the Trustee shall either (i) withdraw the proposed settlement or (ii) bring the matter before the Bankruptcy Court for final resolution after notice and hearing.  Unless otherwise ordered by the Bankruptcy Court, the Trustee shall file and serve all objections to Claims no later than the Claims Objection Deadline.

3.6     <u>Estimation of Claims</u>.  The Trustee may at any time request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtors or the Trustee previously have objected to such Claim or whether the Bankruptcy Court has ruled on any such objection. The Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection.  Subject to the provisions of section 502(j) of the Bankruptcy Code, in the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, the amount so estimated shall constitute the maximum allowed amount of such Claim.  If the estimated amount

11

constitutes a maximum limitation on the amount of such Claim, the Trustee may pursue supplementary proceedings to object to the allowance of such Claim.  All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not necessarily exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

   3.7 <u>Reserve for Disputed Claims</u>.

   (a) No Cash or other property shall be distributed on account of any Disputed Claim or, if less than the entire Claim is a Disputed Claim, the portion of a Claim that is Disputed, unless and until such Claim becomes an Allowed Claim.  The Trustee shall reserve and segregate Cash sufficient to pay holders of Disputed Claims their Ratable Portion, if any, of the Available Cash distributed to Trust Beneficiaries.  Any such Cash reserved shall be held and segregated by the Trust for the benefit of holders of Disputed Claims. In the event a Disputed Claim is ultimately Allowed, the holder of such previously Disputed Claim shall, within sixty (60) days, be entitled to payment of such holder's Ratable Portion of any Distributions previously made.

   (b) The Trustee may make such determinations on Disputed Claims as are appropriate, and as further subject to any Bankruptcy Court authorization as may be requested. The Trustee is authorized, as often as desired but at least annually, to make determinations as to the valuation of the Disputed Claims.

   (c) Upon the Effective Date, any claims that are the subject of dispute shall be recognized in the Disputed Claims Reserve until Final Order of the Bankruptcy Court or other binding resolution of the status of the Disputed Claim.

   3.8 <u>No Distribution in Excess of Allowed Amounts</u>.  Notwithstanding anything to the contrary contained in the Plan or this Trust Agreement, no Trust Beneficiary shall receive Distributions of a value which exceed the amount of such Trust Beneficiary's Allowed Claim as of the Petition Date, plus accrued interest provided for in the Plan, if any. The foregoing shall not limit holders of Disputed Claims from receiving Distributions on account of accrued interest as provided herein and in the Plan, if such holders' Disputed Claims becomes Allowed.

   3.9 <u>De Minimis Distributions</u>.  Notwithstanding anything to the contrary contained in the Plan or this Trust Agreement, the Trustee shall not be required to distribute Cash to the holder of an Allowed Claim if the amount of cash to be distributed on account of such Claim is less than $25. Any holder of an Allowed Claim on account of which the amount of Cash to be distributed is less than $25 shall have such Claim discharged and shall be forever barred from asserting any such Claim against the Debtors, the Trust, or their respective property. Any Cash not distributed pursuant to this provision shall be the property of the Trust, free of any restrictions thereon. The Trustee may, in his sole discretion, remit any Cash not distributed or

America:0105342/00004: 70969335v.1

otherwise utilized by the Trust pursuant to this Section 3.9 of the Trust Agreement to the State of Texas and/or pay such Cash into the registry of the Bankruptcy Court.

3.10   <u>Setoffs</u>.   Except for the Bond Trustee Secured Claim and the Bond Trustee's Deficiency Claim which are each an Allowed Claim and not subject to objection, setoff, surcharge, or reduction of any kind, the Trustee may set off against any Distributions to be made to a Trust Beneficiary hereunder, claims, rights and Retained Causes of Action of any nature that the Trustee (solely in its role as trustee under this Trust Agreement) may at any time hold against such Trust Beneficiary; provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim under or in accordance with the Plan shall constitute a waiver or release by the Trustee of any such claim, right and Retained Causes of Action that the Trustee may at any time possess against such Trust Beneficiary.

3.11   <u>Disputed Payments</u>.   If any dispute arises as to the identity of a holder of an Allowed Claim who is to receive any Distribution, the Trustee may, in lieu of making such Distribution to such Person, make reserve for such Distribution.  Such Distribution shall be held in reserve until the disposition thereof shall be determined by order of the Bankruptcy Court or other court of competent jurisdiction or by written agreement among the interested parties to such dispute.

3.12   <u>Unclaimed Distributions</u>.

(a)   Any Unclaimed Distributions shall be held and reserved by the Trust for the benefit of the Trust Beneficiaries entitled thereto under the terms of this Trust Agreement and the Plan.  All such Unclaimed Distributions shall be held for a period of sixty (60) days following the filing of the applicable Notice of Distribution and during such period shall be released from the Trust and delivered to the Trust Beneficiaries entitled thereto only upon presentation of proper proof by such Trust Beneficiaries of such entitlement.  At the end of sixty (60) days following the filing of the relevant Notice of Distribution of any Unclaimed Distributions, the Trust Beneficiaries theretofore entitled to such Unclaimed Distributions shall cease to be entitled thereto and the Unclaimed Distributions for each such Trust Beneficiary shall then be distributed on the succeeding Payment Date on a Pro Rata basis to the Trust Beneficiaries who have received and have claimed Distributions and who are otherwise entitled to further Distributions under Sections 3.2 and 3.9, and if no such Trust Beneficiaries then exist, such Unclaimed Distributions shall be excess Distributions to be distributed in accordance with Section 3.8 of this Trust Agreement.

(b)   The Trustee may choose to file, or cause to be filed any tax or information return. All Cash held shall be invested in accordance with Section 2.13 hereof and section 345 of the Bankruptcy Code, as modified by the relevant Orders of the Court for investments made by the Debtors during the Cases.

13

3.13    <u>Uncashed Checks</u>.   Checks issued in respect of a Distribution will be null and void if not negotiated within ninety (90) days after the date of issuance. Distributions with respect to such un-negotiated checks shall be treated as an Unclaimed Distribution and will revert to the Trust for distribution in accordance with the Plan and Trust Agreement, and payment to such Holder with respect to such un-negotiated check shall be discharged.

3.14    <u>Allocation of Tax Items</u>.

(a)    Unless otherwise required by applicable tax law, items of income, gain, loss and deduction recognized or incurred by the Trust and the amount of distributions received by the Trust shall be allocated Pro Rata among the Trust Beneficiaries who are entitled to receive Distributions in the tax year in accordance with the priorities set forth in Section 3.2 hereof.

(b)    Absent definitive guidance from the IRS or a court of competent jurisdiction to the contrary, the Trustee shall:

(i)    treat all Trust Assets allocable to, or retained on account of, Disputed Claims, as a discrete trust for federal income tax purposes, consisting of separate and independent shares to be established in respect of each Disputed Claim;

(ii)    on the last day of each calendar year, to the extent there is a reserve for Disputed Claims on that date, treat as taxable income or loss of this separate trust, the portion of the annual taxable income or loss of the Trust that would have been allocated to the holders of such Disputed Claims had such claims been Allowed on the Effective Date;

(iii)    treat as a distribution from this separate trust any increased amounts distributed by the Trust as a result of any Disputed Claim resolved earlier in the taxable year; and

(iv)    to the extent permitted by applicable law, report consistently for state and local income tax purposes.

## ARTICLE 4

## LIQUIDATING TRUST COMMITTEE

4.1    <u>Liquidating Trust Committee</u>.   The Liquidating Trust Committee shall be bound by the terms of this Trust Agreement. The initial members of the Liquidating Trust Committee shall be (i) the Bond Trustee, or its designee, (ii) [____], and (iii) [____] and shall include the Trustee sitting as chairperson of the Liquidating Trust Committee. The Liquidating Trust Committee shall have the authority and responsibility to oversee, review, and guide the activities and performance of the Trustee, and shall have the authority to remove the Trustee for any reason, in accordance with section 5.1 of this Trust Agreement. Without limiting the foregoing,

14

in addition to the other powers and duties of the Liquidating Trust Committee set forth in the Plan or this Trust Agreement, the Liquidating Trust Committee shall have the authority to make any determination in accordance with this Trust Agreement and the Plan with respect to the reimbursement of expenses incurred by the Trustee in performing its duties under this Trust Agreement and the Plan, and any amendment of this Trust Agreement. The Trustee shall consult with, and provide information to, the Liquidating Trust Committee upon request. Notwithstanding anything in this Article 4, the Liquidating Trust Committee shall not take any action which will cause the Trust to fail to qualify as a "liquidating trust" for U.S. federal income tax purposes.

4.2    Consent of the Committee.  If consent, review, or approval is required for the Trustee to take any action or exercise any authority as set forth herein, such consent shall be deemed given if a majority of the Liquidating Trust Committee approves such action in accordance with section 4.3 of this Article; provided, however, that if the Bond Trustee objects to such action or exercise of authority, the Bond Trustee may bring the matter before the Bankruptcy Court for resolution and the Trustee shall not take such action or exercise authority until the matter has been resolved by the Bankruptcy Court (or otherwise resolved to the satisfaction of the Bond Trustee).

4.3    Manner of Acting.

(i) A majority of the total number of members of the Liquidating Trust Committee then in office shall constitute a quorum for the transaction of business at any meeting of the Liquidating Trust Committee. The affirmative vote of a majority of the members of the Liquidating Trust Committee present at the meeting at which a quorum is present shall be the act of the Liquidating Trust Committee, except as otherwise required by law or as provided in this Trust Agreement. Any or all of the members of the Liquidating Trust Committee may participate in a regular or special meeting by, or conduct the meeting through use of, telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other. Any member of the Liquidating Trust Committee participating in a meeting by this means is deemed to be present in person at the meeting.

(ii)  Any member of the Liquidating Trust Committee who is present at a meeting of the Liquidating Trust Committee when action is taken is deemed to have assented to the action take unless: (a) such member objects at the beginning of the meeting to holding it or transacting business at the meeting; (b) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (c) he/she delivers written notice of his/her dissent or abstention to the Liquidating Trust Committee before its adjournment.

4.4    Action Without a Meeting.  Any action required or permitted to be taken by the Liquidating Trust Committee at a meeting may be taken without a meeting if the action is taken by unanimous written consent, as evidenced by one or more written consents describing the action take, signed by the members of the Liquidating Trust Committee, and filed with the minutes or proceedings of the Liquidating Trust Committee.

4.5     Tenure, Removal, and Replacement of the Members of the Liquidating Trust Committee.  The authority of members of the Liquidating Trust Committee will be effective as of the Effective Date, and will remain and continue in full force and effect until the Trust is dissolved in accordance with this Trust Agreement. The service of the members of the Liquidating Trust Committee will be subject to the following terms and conditions:

(i) The members of the Liquidating Trust Committee will serve until death or resignation pursuant to subsection (ii) below, or removal pursuant to subsection (iii) below;

(ii) A member of the Liquidating Trust Committee may resign at any time by providing written notice of resignation to the remaining members of the Liquidating Trust Committee. Such resignation will be effective when a successor is appointed as provided herein. After the Effective Date, if a member of the Liquidating Trust Committee has its Claim paid or sells its Claim, that member will resign from the Liquidating Trust Committee and will be replaced by vote of the remaining members as provided in subsection (iii) below, provided, however, that the new member must be from the same Class as the resigning member, or a representative thereof.

(iii) Other than the Bond Trustee (or its designee), any members of the Liquidating Trust Committee may be removed by a majority vote of the members of the Liquidating Trust Committee, and in the event of a vacancy (for any reason), a new member shall be appointed by the unanimous vote of the remaining members of the Liquidating Trust Committee; provided, however, that if the Bond Trustee vacates its position on the Liquidating Trust Committee for any reason, the Bond Trustee shall have the sole authority to appoint its replacement. The appointment of a successor member of the Liquidating Trust Committee will be evidenced by the filing with the Bankruptcy Court of a notice of appointment, which will include the name, address, and telephone number of the successor member of the Liquidating Trust Committee.

(iv) Immediately upon appointment of a successor member of the Liquidating Trust Committee, all rights, powers, duties, authority, and privileges of the predecessor member shall be vested in the successor member without any further act.

4.6     Out-of-Pocket Expenses.  Each member of the Liquidating Trust Committee shall be entitled to reimbursement by the Trust of actual out-of-pocket expense incurred in his/her capacity as a member of the Liquidating Trust Committee from unencumbered Trust Assets.

4.7     Liability of Post-Confirmation Trust Committee.  Except as otherwise specifically provided herein, the members of the Liquidating Trust Committee shall not be held liable for actions taken or omitted in its capacity as, or on behalf of, the Trust or Trustee, except those acts arising out of its or their own willful misconduct, gross negligence, bad faith, self-dealing, breach of fiduciary duty, or ultra vires acts, and each shall be entitled to indemnification and reimbursement for fees and expenses in defending any and all of its actions or inactions in its capacity as, or on behalf of, the Trust or Trustee, except for any actions or inactions involving willful misconduct, gross negligence, bad faith, self-dealing, breach of fiduciary duty, or ultra vires acts.

America:0105342/00004: 70969335v.1

4.8     Exculpation; Indemnification.  The members of the Liquidating Trust Committee shall be, and hereby are, exculpated by all Persons, by all Persons, including the Beneficiaries, from any and all claims, retained causes of action and other assertions of liability arising out of the discharge of the powers and duties conferred upon them by the Plan, this Trust Agreement, or any Order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan, or by applicable law, except for actions or omissions that are determined by a Final Order to have arisen out of its or their own willful misconduct, gross negligence, bad faith, self-dealing, breach of fiduciary duty, or ultra vires acts. No Person shall have, or be permitted to pursue, any claim or cause of action against any of the members of the Liquidating Trust Committee for making payments in accordance with the Plan, or for implementing any other provision of the Plan. To the fullest extent permitted by applicable law, the Trust shall (i) indemnify, defend, and hold harmless the members of the Liquidating Trust Committee from and against any and all losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses that the member of the Liquidating Trust Committee may incur or to which a member of the Liquidating Trust Committee may become subject in connection with any actions or inactions in their capacity as such, except for actions or inactions involving willful misconduct, gross negligence, bad faith, self-dealing, breach of fiduciary duty, or ultra vires acts, and (ii) the members of the Liquidating Trust Committee shall be entitled to obtain advances from the Trust to cover their reasonable fees and expenses incurred in defending any such actions or inactions. The foregoing indemnity shall survive the termination of such Liquidating Trust Committee members from the capacity for which they are indemnified.

4.9     Recusal.  A Liquidating Trust Committee member shall be recused from the Liquidating Trust Committee's deliberations and votes on any matters as to which such member has a conflicting interest.  If a Liquidating Trust Committee member does not recuse itself from any such matter, that member may be recused from such matter by the vote of the remaining members of the Liquidating Trust Committee that are not recused from the matter. For the avoidance of doubt, the fact that the Bond Trustee holds an Allowed Secured Claim shall not constitute a conflict requiring the Bond Trustee to recuse itself from any vote.


# ARTICLE 5

## SUCCESSOR TRUSTEE

5.1     Removal of Trustee.   The Trustee may be removed, with cause, by the Bankruptcy Court upon motion of a Trust Beneficiary.  Such removal shall become effective on the date specified by the Bankruptcy Court.  In the event such removal occurs, a notice of the identity of the successor trustee shall be filed with the Bankruptcy Court and served on the Trust Beneficiaries.

5.2     Resignation of Trustee.  The Trustee may resign by filing written notice thereof with the Bankruptcy Court. Such resignation shall become effective on the earlier to occur of (i) sixty (60) days after the filing of such notice, or (ii) the appointment of a successor and the acceptance by such successor of such appointment.

17

5.3     Appointment of Successor Trustee upon Removal, Resignation, or Death.  If the Trustee is removed pursuant to Section 5.1, resigns pursuant to Section 5.2, or dies, the Bankruptcy Court shall appoint a successor Trustee.  Any successor Trustee appointed hereunder shall execute and file a statement accepting such appointment and agreeing to be bound by the terms of the Plan and upon such filing, the successor Trustee shall immediately become vested with all the rights, powers, trusts and duties of the Trustee.

5.4     Acceptance of Appointment by Successor Trustee.   Any successor Trustee appointed pursuant to this Article 5 shall execute an instrument accepting such appointment as the Trustee under this Trust Agreement and shall file and maintain such acceptance with the books and records of the Trust.   Upon acceptance of such appointment as aforesaid, such successor Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts and duties of its predecessor in the Trust with like effect as if originally named herein; provided, however, that a removed or resigning Trustee shall, nevertheless, when requested in writing by the successor Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Trustee under the Trust all the estates, properties, rights, powers, and trusts of such predecessor Trustee.

# ARTICLE 6

# EXCULPATION AND INDEMNIFICATION

6.1     Exculpation.

(a)  From and after the Effective Date, the Trustee and his respective professionals, non-professionals, employees Affiliates and representatives (the "Protected Parties"), shall be and hereby are exculpated by all Persons and entities, including, without limitation, Holders of Claims and other parties in interest, from any and all claims, retained causes of action and other assertions of liability arising out of the discharge of the powers and duties conferred upon said parties pursuant to or in furtherance of this Trust Agreement, the Plan, or any order of the Bankruptcy Court or applicable law or otherwise, except only for actions taken or not taken, from and after the Effective Date only to the extent determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct or fraud.

(b)  No Holder of a Claim or other party-in-interest will have or be permitted to pursue any claim or cause of action against the Protected Parties, for making payments in accordance with the Plan or this Trust Agreement or for implementing the provisions of the Plan or this Trust Agreement. Any act taken or not taken, in the case of the Trustee, with the approval of the Bankruptcy Court, will be conclusively deemed not to constitute gross negligence, willful misconduct, or a breach of fiduciary duty.

18

6.2    <u>Indemnification</u>.    The Trust shall indemnify, defend and hold harmless the Protected Parties from and against any and all claims, retained causes of action, liabilities, obligations, losses damages or expenses (including attorneys' fees and expenses) occurring after the Effective Date which the Protected Parties may incur or which the Protected Parties may become subject to in connection with any action, suit, proceeding, or investigation brought by or threatened against such Protected Parties arising out of or due to their acts or omissions or consequences of such acts or omissions, with respect to the implementation or administration of the Trust or the Plan or the discharge of their duties hereunder or otherwise to the Trust or the Trustee ("<u>Related Matters</u>"), other than to the extent determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct, to the fullest extent permitted by applicable law.

6.3    <u>Reimbursement</u>.    In the <u>discretion of the Trustee, and following consultation with the Liquidating Trust Committee, the Trustee may authorize available unencumbered funds of the Trust to be advanced to satisfy any</u> reasonable and documented out-of-pocket costs and expenses (including reasonable attorneys' fees and other costs of defense) incurred by any Protected Party who is threatened to be named or made a defendant or a respondent in any proceeding concerning the administration, business, and affairs of the Trust; provided, however, that all such payments are subject to disgorgement in the event that the underlying claim against the Protected Party has been finally and judicially determined to have resulted from such Protected Party's own willful misconduct, gross negligence, or fraud. In the event that, at any time whether before or after termination of this Trust Agreement, as a result of or in connection with Related Matters, any Trust Protected Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or any Trust Protected Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Trust Protected Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Trust Protected Party shall be reimbursed by the Trust for its out of pocket expenses, including the reasonable fees and expenses of its counsel, and will be compensated by the Trust for the time expended by its personnel based on such personnel's then current hourly rate.

## ARTICLE 7

## REPORTS TO BENEFICIARIES OF CREDITORS' TRUST

7.1    <u>Reporting to the U.S. Trustee</u>.    By thirty days following each calendar quarter commencing from and after the Effective Date, the Trustee shall file periodic reports with the office of the United States Trustee (if required by the office of the United States Trustee) and shall promptly pay any and all fees assessed by the United States Trustee; provided, however, that the Trustee shall only be required to file such periodic reports and pay such fees to the extent required by the office of the United States Trustee and the Bankruptcy Court, as the case may be. The funding for such payments shall be pursuant to Section 2.10.

7.2    <u>Tax Reporting</u>.    The Trustee shall submit to each beneficiary of the Trust appearing on its records during such year a separate statement setting forth the holder's share of items of income, gain, loss, deduction or credit.    The Trust's taxable income, gain, loss,

19

deduction, and credit will be allocated Pro Rata to the holders of Trust in accordance with such holders' respective beneficial interests in the Trust Assets.  In addition, the Trustee shall file all tax returns required to be filed and shall pay all taxes on such returns, if any.  The Trustee shall file (or cause to be filed) any other statements, returns, or disclosures relating to the Trust that are required by any governmental authority.

7.3     Other Reporting.  The Trustee shall cause to be prepared a semi-annual report illustrating (i) receipts and disbursements during the prior two quarters, (ii) a schedule of all asset dispositions, (iii) a schedule of Distributions made, (iv) a summary listing of the status of the resolution of objections to Claims and Causes of Action, (v) the status of any Trust Assets not yet distributed, and (vi) a list of payments made to Trust Professionals. Such semi-annual report shall be made available to any party in interest upon request, within fifteen (15) business days after the end of the relevant report preparation period.  The reports furnished pursuant to this Section 7.3 are neither compilations, reviews nor audits. The Trustee shall not be required to file any further written reports described in this section 7.3 of the Trust Agreement following the report submitted after the Final Distribution Date.

## ARTICLE 8

## TERMINATION AND FINAL DISTRIBUTION

8.1     Termination of Trust.  The Trust will terminate on the earlier of (a) thirty (30) days after the full and final Distribution of the Trust Assets or proceeds thereof in accordance with the terms of this Trust Agreement and the Plan, and (b) the fifth (5th) anniversary of the Effective Date; provided, however, that within six months of the fifth (5th) anniversary of the Effective Date, the Bankruptcy Court, upon a motion by the Trustee or any party in interest, may extend the term of the Trust for an additional term of not more than five (5) years if it is necessary for the liquidation of the Trust Assets.  Multiple extensions may be obtained so long as Bankruptcy Court approval is obtained within six months of the beginning of each such extended term. Notwithstanding the foregoing, the Trustee shall not unduly prolong the duration of the Trust and shall at all times endeavor to resolve, settle or otherwise dispose of all property and Claims that constitute Trust Assets and to effect the full and final Distribution of the Trust Assets to the Trust Beneficiaries in accordance with the terms hereof and the Plan and, thereafter, terminate the Trust as soon as practicable.  Notwithstanding anything to the contrary herein, any termination of the Trust is conditioned upon payment of all costs and [fees payable to the U.S. Trustee] and filing and receiving Bankruptcy Court approval of an order to close the Cases.

8.2     Final Distribution.  Prior to and upon termination of the Trust, the Trust Assets will be finally distributed to the beneficiaries of Trust pursuant to the provisions set forth herein.

## ARTICLE 9

## AMENDMENT AND WAIVER

9.1     Amendment And Waiver.  This Trust Agreement may not be amended, modified or supplemented, and no provision hereof or rights hereunder may be waived, except with the

20

written consent of the Trustee and either (i) the consent of the <u>Liquidating Trust Committee</u> and the Bond Trustee, or (ii) authorization from the Bankruptcy Court.  Any amendments to the Trust Agreement shall not be inconsistent with the purpose and intention of the Trust to liquidate in an expeditious but orderly manner the Trust Assets.  Notwithstanding anything to the contrary herein, no amendment, modification, supplement or waiver shall be effective if it materially and adversely affects the liquidation and Distributions contemplated by the Plan, or if it would adversely affect the federal income tax status of the Trust as a "grantor trust."  The Trustee shall promptly file a copy of each amendment, modification, supplement or waiver of this Trust Agreement.

# ARTICLE 10

## MISCELLANEOUS PROVISIONS

10.1    <u>Intention of Parties to Establish Trust</u>.  This Trust Agreement is intended to create a Creditors' Trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent with such intent and purpose and, if necessary, this Trust Agreement may be amended to comply with such federal income tax laws, which amendments may be made to apply retroactively.

10.2    <u>Preservation of Privilege and Defenses</u>.  Notwithstanding anything herein or in the Plan to the contrary, the Debtors shall not be required to waive any existing rights or privileges to which they are entitled under applicable law, including but not limited to the attorney-client privilege, except with regards to Claims and Retained Causes of Action transferred to the Trust.  Notwithstanding anything herein or in the Plan to the contrary, all professionals shall reserve all rights at law regarding work product privilege.

10.3    <u>Prevailing Party</u>.  If the Trustee or the Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Trust Agreement or the enforcement thereof, the Trustee or the Trust, as the case may be, shall be entitled to collect any and all costs, expenses and fees, including attorneys' fees, from the non- prevailing party incurred in connection with such dispute or enforcement action.

10.5    <u>Confidentiality</u>.  The Trustee, the Bond Trustee, and the Liquidating Trust Committee, and each of their respective employees, members, agents, professionals and advisors (each a "<u>Confidential Party</u>" and collectively, the "<u>Confidential Parties</u>") shall hold strictly confidential and not use for personal gain any material, non-public information of which they have become aware in their capacity as a Confidential Party, of or pertaining to any entity to which any of the Trust Assets relates; provided, however, that such information may be disclosed if (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by the Confidential Parties, or (b) such disclosure is required of the Confidential Parties pursuant to legal process including but not limited to subpoena or other court order or other applicable laws or regulations.  In the event that any Confidential Party is requested to divulge confidential information pursuant to this subparagraph (b), such Confidential Party shall promptly, in advance of making such disclosure, provide reasonable notice of such required

21

disclosure to the Trustee to allow him/her sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Trustee in making any such objection, including but not limited to appearing in any judicial or administrative proceeding in support of any objection to such disclosure.

     10.6   <u>Laws as to Construction</u>.  This Trust Agreement shall be governed and construed in accordance with the laws of the State of Louisiana, without giving effect to rules governing the conflict of laws.

     10.7   <u>Severability</u>.  If any provision of this Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

     10.8   <u>Retention of Jurisdiction</u>.  Notwithstanding the Effective Date and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits and issues that may arise in connection with the Trust, the Trust Agreement, or any entity's obligations incurred in connection with the Trust, and any action against the Trustee or any professional retained by the Trustee or the Trust, in each case in its capacity as such. Each party to this Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Trust Agreement or of any other agreement or document delivered in connection with this Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum non conveniens or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that any action to enforce, interpret or construe any provision of this Trust Agreement will be brought only in the Bankruptcy Court. Each party hereby irrevocably consents to service by certified or registered mail, return receipt requested, to be sent to its address set forth in this Trust Agreement or in the official Schedules filed in the Cases or to such other address as it may designate from time to time by notice given in the manner provided above, of any process in any action to enforce, interpret or construe any provision of this Trust Agreement.

     109.9   <u>Notices</u>.  Any notice or other communication under this Trust Agreement shall be in writing and shall be given by either (i) hand-delivery, (ii) first class mail (postage prepaid), (iii) reliable overnight commercial courier (charges prepaid), or (iv) email, if confirmed promptly by any of the methods specified in clauses (i), (ii) and (iii) of this sentence, to the following addresses:

If to the Trustee:

 [*]

with copies to:

America:0105342/00004: 70969335v.1

[*]

Notice given by email shall be deemed to have been given and received when sent.  Notice by overnight courier shall be deemed to have been given and received on the date scheduled for delivery.  Notice by mail shall be deemed to have been given and received three (3) calendar days after the date first deposited in the United States Mail.  Notice by hand delivery shall be deemed to have been given and received upon delivery.  A party may change its address by giving written notice to the other party as specified herein.

10.10   Headings.  The section headings contained in this Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Trust Agreement or of any term or provision hereof.

10.11   Integration.  This Trust Agreement and the Plan constitute the entire agreement of the parties with respect to the subject matter hereof and thereof and supersede all oral negotiations and prior writings with respect to the subject matter hereof and thereof.

10.12   Further Assurances.   From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of the Trust and to consummate the transactions contemplated hereby.

10.13   Successors and Assigns.   The terms of this Trust Agreement shall be binding upon, and shall inure to the benefit of, the parties hereto, and their respective successors and assigns.

10.14   Counterparts.   This Trust Agreement may be signed by the parties hereto in counterparts, which, taken together, shall constitute one and the same document, and the counterparts may be delivered by facsimile transmission or by electronic mail in portable document format (.pdf).

10.15   Relationship to the Plan.  The principal purpose of this Trust Agreement is to aid in the implementation of the Plan and therefore this Trust Agreement incorporates the provisions of the Plan.  To that end, the Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the Plan, and to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan and this Trust Agreement. If any provisions of this Trust Agreement are found to be inconsistent with the provisions of the Plan, the provisions of the Plan shall control.

[SIGNATURES ON NEXT PAGE]

23

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

**Date: May _____, 2019.**

**TEXAS PELLETS, INC.**

By: _____
Name:  Chip Cummins
Title:   CRO

**GERMAN PELLETS TEXAS, LLC**

By: _____
Name:  Chip Cummins
Title:   CRO

**LIQUIDATING TRUSTEE**

By: _____
Name:

24