IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-90126 |
| | § | |
| TEXAS PELLETS, INC. | § | |
| 164 County Road 1040 | § | CHAPTER 11 |
| Woodville, TX  75979 | § | |
| xx-xxx3478 | § | |
| DEBTOR | § | |

**<u>OBJECTION TO APPROVAL OF SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND WINNING BIDDER/PURCHASER</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

PORT OF PORT ARTHUR NAVIGATION DISTRICT OF JEFFERSON COUNTY, TEXAS ("Creditor"), a holder of an allowed claim against the Debtor, objects to the approval of the sale of substantially all of Debtors' assets and the winning bidder/purchaser, and in support alleges the following:

1. This is a contested matter governed by Federal Bankruptcy Rules 3020 and 9014, over which this Court has jurisdiction pursuant to 28 U.S.C. Sections 1334 and 157(b)(2)(L), and the Order of Reference of the United States District Court for the Eastern District of Texas.

2. On or about April 30, 2016, TEXAS PELLET, INC. and GERMAN PELLETS TEXAS, INC. (collectively "Debtors"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code to initiate this case.

3. On April 8, 2019, Debtor filed at docket #1109 its Motion for Entry of Orders that, among other things, set bid procedures, authorized the sale of substantially all of Debtors' assets and assumption of certain executory contracts. ["Motion"]. On April 30, 2019, the Court entered Order Approving Amended Bidding Procedures and Amended Auction and Sale Notice, and Granting Related Relief ["Order'].

4. Movant, a port district created by an act of the Texas legislature, is the owner of the real property (the "Storage Facility") described in the Ground Lease (the "Original Lease") and Amendments (collectively the "Lease").

5. On or about February 28, 2012, the Movant entered into the Ground Lease with Texas Pellets Inc. for the rental of the real property (and certain personal property) described in Exhibit A to the Original Lease (collectively, the "Property"). Movant, owns the Property.

6. Texas Pellets, Inc and Movant subsequently executed the following amendments to the Original Lease: (1) a *First Amendment to Ground Lease,* dated June 29, 2012, (2) a *Second Amendment to Ground Lease,* dated July 25, 2012, and (3) a *Third Amendment to Ground Lease,* dated September 5, 2012.

7. Further, on or about July 25, 2012, the Debtors also entered into an *Easement Agreement* (the "Easement Agreement") with Movant. The Debtors and Movant subsequently executed an *Amendment to Easement Agreement,* dated September 5, 2012.

8. The Lease was assumed by the Court on September 26, 2018 pursuant to Order Granting Debtors' Motion To Assume Ground Lease And Easement Agreement Between The Debtors And The Port Of Port Arthur Navigation District Of Jefferson County, Texas Under Bankruptcy Code § 365 And Fed. R. Bankr. P. 6006 [Relates to D.I. 426] [Docket #907] ["Assumption Order"].

9. The Lease is one of the executory contracts that is the subject to the sale contemplated in the Motion and Order.

10. The bids were to be submitted no later than May 6, 2019. The auction, if necessary, was to take place on May 9, 2019, however, Creditor was not authorized to attend the auction. The Deadline to object to the sale and the winning bidder/purchaser is May 10, 2019. Debtor is to file a notice of winning bidder/purchaser with the Court ["Notice"]. However, at this time, the Notice has not been filed. Additionally, at this time, the winning bidder/purchaser has not been determined or if

it has, the attorney for the debtor has indicated that he cannot inform the undersigned attorney for Creditor of who is the winning bidder/purchaser. The Notice may not be filed till right upon deadline to object or after such deadline. Since Creditor was not authorized to attend the auction it has no adequate remedy, right, or procedure to determine the identity of the winning bidder/purchaser prior to the deadline to object. The Creditor is not aware of and cannot be informed of the identity of the winning bidder/purchaser. Therefore, Creditor has no way of knowing whether an objection is needed or warranted prior to the deadline. This lacks due process and prejudices the rights of Creditor and other parties to allow any meaningful objection to be file and heard by the Court.

11.   Creditor hereby objects to the sale and the winning bidder/purchaser. Creditor reserves the right and requests the Court to grant it extended time to file an amended objection, if one is needed, once the identity of the winning bidder/purchaser is ascertained. Additionally/Alternatively, Creditor requests the Court to reset the Sale Hearing, which is set for May 15, 2019 at 9:30 am, and set a new objection deadline, to allow time for Creditor to determine if an objection is warranted and file an appropriate objection.

WHEREFORE, PORT OF PORT ARTHUR NAVIGATION DISTRICT OF JEFFERSON COUNTY, TEXAS prays that the Court deny the sale and the winning bidder/purchaser, or alternatively reset the sale hearing set on May 15, 2019 and set a new objection deadline.

Respectfully submitted,

OFFERMAN & KING, L.L.P.

BY: /s/ James W. King                    .
    JAMES W. KING
    TBA# 00791029
    6420 WELLINGTON PLACE
    BEAUMONT, TEXAS 77706
    PHONE: 409/860-9000
    FAX:    409/860-9199
    jking@offermanking.com
ATTORNEYS FOR CREDITOR

CERTIFICATE OF SERVICE

      I hereby caused a true and correct copy of the foregoing to be served upon the parties listed on the attached Limited Service List via ECF Notification (for those parties who do not receive ECF notification) and on the following party: Debtor's Investment Banker, Attn: Jay C. Jacquin, Managing Contractor, Configure Partners, Tower Place Buckhead, 3340 Peachtree Rd NE, Suite 1010, Atlanta, Georgia, 30326, by United States regular mail, postage prepaid, on May 10, 2019.

      /s/ James W. King      .
      JAMES W. KING