UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | **JOINTLY ADMINISTERED** |
| TEXAS PELLETS, INC., <u>et al</u>. ) | under Case No. 16-90126 |
| ) | |
| Debtors. ) | Chapter 11 |
| ) | |

**MOTION PURSUANT TO SECTIONS 105(A) AND 363 OF THE BANKRUPTCY CODE TO ENFORCE ASSET PURCHASE AGREEMENT WITH WOODVILLE PELLETS LLC AND SALE ORDER AND FOR PARTIAL <u>RELEASE OF SALE PROCEEDS FROM ESCROW</u>**

<u>SUBJECT TO MOTION AND ORDER TO FILE UNDER SEAL</u>
<u>UNREDACTED VERSION FILED UNDER SEAL</u>

**21-DAY NEGATIVE NOTICE – LBR 9007(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**NOTWITHSTANDING THE ABOVE, DEBTORS ARE REQUESTING A SHORTENED OBJECTION DEADLINE AND AN EXPEDITED HEARING ON THIS MOTION.**

Texas Pellets, Inc. ("TPI") and German Pellets Texas, LLC ("GPTX," and together with

TPI, the "Debtors"), as debtors and debtors in possession in the above-captioned case, hereby file

1

their *Motion Pursuant to Sections 105(a) and 363 of the Bankruptcy Code to Enforce Asset Purchase Agreement With Woodville Pellets, LLC and Sale Order and for Partial Release of Sale Proceeds From Escrow* (the "Motion"). In support hereof, the Debtors respectfully state:

**INTRODUCTION**

1. The Debtors file this Motion to enforce the asset purchase agreement with Woodville Pellets, LLC (the "Buyer") and the Court's sale order, to release undisputed sale proceeds from escrow in the amount of $8,532,362.70 ██████████████████████ ████.

2. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ██████ the parties agreed to escrow such funds with a full reservation of rights to allow the transaction to close.

3. ████████████████████████████████████████████████ ████████████████████████████████████ Therefore, at this time, at least $8,532,362.70 ████████████████████ is undisputed and is immediately payable to the Debtors as sale proceeds. The Debtors submit that such amount should be released from escrow immediately, under the terms of the asset purchase agreement and the Court's sale order.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue of these cases and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND AND FACTUAL SUMMARY

7. On April 30, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Texas (the "Court") commencing the above-captioned chapter 11 cases.

8. The Debtors have continued in possession of their assets and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. No trustee or examiner has been appointed in these chapter 11 cases. The United States Trustee appointed an official committee of unsecured creditors on May 17, 2016.

A. **Sale Process and Execution and Approval of Asset Purchase Agreement**

10. On April 8, 2019, the Debtors filed their *Motion for Entry of Orders: (I) Approving Amended Bidding Procedures and Awarding Certain Protections and (II) Authorizing (A) the Sale of Substantially All of the Debtors' Assets, and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket #1109] (the "Sale Motion").

11. Pursuant to the Court's April 30, 2019 *Order Approving Amended Bidding Procedures and Amended Auction and Sale Notice and Granting Related Relief* [Docket #1129]

(the "Bidding Procedures Order"), an auction for the sale of the Debtors' operating assets was held on May 9, 2019.

12. The auction conducted on May 9, 2019 came after an extensive marketing process. At the Auction, Woodville Pellets, LLC (in such capacity, the "Buyer") submitted the highest and best bid, constituting the "Winning Bid" under the bidding procedures approved under the Bidding Procedures Order. The Debtors, as sellers, and the Buyer executed an asset purchase agreement ("APA"), a copy of which was subsequently filed in the record [Docket # 1154]. The executed copy is attached hereto as Exhibit "1."

13. The Court held a hearing to approve the sale on May 15, 2019, and entered an order on May 16, 2019 granting the Sale Motion, entitled *Order Granting the Debtors' Motion for Entry of an Order Authorizing (A) the Sale of Substantially All of the Debtors' Assets, and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket #1163] (the "Sale Order").

14. Among other things, the Sale Order approved the APA (referred to in the Sale Order as the "Winning Bid APA") and granted authority for the Debtors to execute the transactions thereunder (*E.g.*, Sale Order ¶2, p. 17). As used herein, the term "Sale Proceeds" has the same meaning as set forth under the Sale Order and refers to the sale proceeds from the sale and transactions approved under the Sale Order.

15. Paragraph 56 of the Sale Order provides, in part:

> The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Winning Bid APA, all amendments thereto, and any waivers and consents thereunder, and each ancillary document executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale….

(Sale Order, ¶56, pp. 40-41)

16. As set forth on the record at the May 15, 2019 hearing, the Sale Order was a consensual order entered with the consent of the Buyer (among other parties), including language reviewed and approved by the Buyer.

**B.** ███████████████ **Assets Purchased Under APA**

17. Among other assets purchased, Buyer purchased ███████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████

18. ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████

19. ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████

---

[1] ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████



███████████████████████████████████████[2]

22. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

**C.** **Escrow** ███████████████████████

23. ███████████████████████, ███████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

24. ███████████████████████████████████████
███████████████████████████████████████
█████



See copy of June 14, 2019 correspondence attached as Exhibit "2" hereto.

25. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

---

[2] ███████████████████████████████████████
███████████████████████████

[3] ███████████████████████████████████████
███████████████

26. ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████ The purpose of this Motion is to request an order directing a partial release of funds in the amount of $8,532,362.70.

27. The sale transactions closed on June 19, 2019, with Sale Proceeds being paid at closing, ███████████████████████████████████████████████

████████████████████████████████████

28. ███████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████

8

**D.** ███████████████████████████

29. ███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████ *See* copy of August 13, 2019 correspondence attached as <u>Exhibit "4"</u> hereto.[4]

30. ███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████ As discussed in more detail below, the amount of at least $8,532,362.70 is undisputed and must be released from Escrow immediately.[5]

## RELIEF REQUESTED

31. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Debtors request that the Court enter an Order, in the form submitted herewith, to enforce the APA and Sale Order and release **$8,532,362.70** from the Escrow as Sale Proceeds payable to the Debtors. Such amount would be distributed under the terms of the Sale Order, with the balance to remain in Escrow subject to the reservation of all parties' rights.

---

[4] In an abundance of caution, the August 13, 2019 correspondence is redacted to remove additional language that could be considered confidential settlement communications under Federal Rule of Evidence 408.

[5] ███████████████████████████████████████████████████████████████████████████████████████████████████████

## BASIS FOR RELIEF REQUESTED

### A. This Court Has Jurisdiction to Enforce and Interpret Its Own Sale Order and the APA.

32. Bankruptcy courts are frequently asked to interpret and enforce their Section 363 orders and underlying asset purchase agreements, and this Court has core jurisdiction to do so under 28 U.S.C. §§ 157(b)(1), (b)(2)(N), (b)(2)(O), and 28 U.S.C. §§ 1334(a). *E.g., In re G+G Retail, Inc.*, Case No. 06-10152, 2010 WL 743918, *1 (Bankr. S.D.N.Y. Feb. 24, 2010) (determining scope of purchased assets under asset purchase agreement); *Diamond Offshore Co. v. Bennu Oil & Gas, LLC (In re ATP Oil & Gas Corp.)*, 540 B.R. 294, 298-299 (Bankr. S.D.Tex. 2015) (granting motion to enforce sale order and interpreting scope of sale order).

33. A motion to enforce a bankruptcy court's sale order and associated asset purchase agreement may be considered as a contested matter and an adversary proceeding is not required. *In re Old Carco LLC*, 593 B.R. 182, 189 (Bankr. S.D.N.Y. 2018) (considering and ruling on "contested matter to enforce the Sale Order and related agreements")

34. Further, Paragraph 56 of the Sale Order provides, in part:

> **The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Winning Bid APA,** all amendments thereto, and any waivers and consents thereunder, and each ancillary document executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale….

(Sale Order, ¶56, pp. 40-41) (emphasis added). See *In re G+G Retail, Inc.*, Case No. 06-10152, 2010 WL 743918, *1 n.1 (Bankr. S.D.N.Y. Feb. 24, 2010) (noting that sale order "reserved the Court's jurisdiction to interpret and enforce the Sale Order and the APA.")

35.  The Sale Order (as a consent order) and APA are interpreted according to ordinary principles of contractual interpretation, under Texas law.[6] *Rident Communications, Inc. v. Equalnet Communications Corp. (In re Equalnet Communications Corp.)*, 51 Fed.Appx. 483, *2 (5th Cir. 2002). Under Texas law as applicable to interpretation of a sale order and APA, "[i]n the interpretation of contracts the primary concern of the courts is to ascertain and to give effect to the intentions of the parties as expressed in the instrument" and the Court "is bound to read all parts of the contract together to ascertain the agreement of the parties." *Id*. (citations omitted). Also, "a contract contains an ambiguity only when its terms are objectively ambiguous, not simply because the parties offer differing interpretations." *Id*.

### B. The Immediate Release of $8,532,362.70 From Escrow is Required Under the APA and Sale Order.

36.  ███████████████████████████████████████████████████████████████████████████████████

37.  While the Debtors believe and assert that  is due and owing to the Debtors as Sale Proceeds, in an abundance of caution, and because expedited treatment is requested, the Debtors seek the release of only **$8,532,362.70**, ███████████████████████████████████

38.  ███████████████████████████████████████████████████████████████████████████[7] The sum of

---

[6] The APA contains a Texas law choice of law provision. (APA, §11.3, p. 46)

[7] ███████████████████████████████████████████████████████████████████████████████████

11

$8,532,362.70 is undisputed.  There is no possible argument or dispute concerning this amount.

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████

## NOTICE

39. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rules 2002 and 3017; (iii) counsel for and the members of any committees appointed by this Court; (iv) UMB Bank as Bond Trustee through counsel; and (v) the Buyer through its counsel and under the notice provision of the APA.  In light of the nature of the relief requested, and the exigent circumstances, the Debtors submit that no further notice is necessary. Pursuant to the separately filed motion to seal, the Debtors intend to file this Motion in redacted form in the public record, without exhibits; with the unredacted version with exhibits filed under seal.

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an Order, in substantially the same form as attached hereto, granting the relief requested herein; and (ii) provide such other relief as the Court deems appropriate and just.

Dated: August 23, 2019.                    Respectfully submitted,

*/s/ C. Davin Boldissar*
C. Davin Boldissar (La. #29094)
*(admitted pro hac vice)*
Bradley C. Knapp (Tex. #24060101)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5100
Fax: (504) 681-5211

dboldissar@lockelord.com
bknapp@lockelord.com

and

W. Steven Bryant
Texas Bar. No. 24027413
Federal I.D. No. 32913
Locke Lord LLP
600 Congress Avenue, Ste. 2200
Austin, Texas 78701
Telephone: (512) 305-4726
Fax: (512) 305-4800
sbryant@lockelord.com

**COUNSEL FOR TEXAS PELLETS, INC. AND GERMAN PELLETS TEXAS, LLC**

## CERTIFICATE OF SERVICE

On August 22, 2019, I caused a true and correct copy of the foregoing *Motion Pursuant to Sections 105(a) and 363 of the Bankruptcy Code to Enforce Asset Purchase Agreement With Woodville Pellets, LLC and Sale Order and for Partial Release of Sale Proceeds From Escrow* to be served upon the parties listed on the attached Limited Service List via ECF Notification and (for those parties who do not receive ECF notification) on August 22, 2019 by United States regular mail, postage prepaid.

/s/ C. Davin Boldissar
C. Davin Boldissar